INZER, Justice:
Appellant Vernon Madison, an inmate at the State Penitentiary, was indicted, tried and convicted in the Circuit Court of Sunflower County of assault and battery with intent to kill and murder Larry Taylor, a fellow inmate. He was sentenced to serve a term of ten years in the State Penitentiary to begin upon the expiration of the term he is now serving. From this conviction and sentence he appeals. We affirm.
The only assignment of error is that the verdict of the jury was against the overwhelming weight of the evidence. It is uncontradicted that appellant first struck Taylor with a piece of pipe and then stabbed him three times with a ten inch knife. Taylor received a superficial wound on the left cheek, a stab wound seven or eight inches deep which pierced the lung on the right side of the chest, and a wound ten inches deep in the upper right side of the abdomen which pierced the liver. Either of these latter wounds would have produced death had not Taylor received immediate medical attention.
*608 According to the testimony on behalf of the state, appellant struck and stabbed Taylor at a time when Taylor was unarmed and while he was backing up and trying to get away from appellant.
Appellant testified in his own behalf and admitted hitting Taylor with the iron pipe while Taylor was backing away from him. He said the blow dazed Taylor but did not knock him out. He said, “I hit him, and he just stumbled . . . I just threw the pipe down and started ‘jugging’ with the knife.” He also said, “Well, I couldn’t say where I stabbed him at, because at this particular time I was angry.” Appellant said that Taylor was armed with a knife and that Taylor was the aggressor in the altercation and contended that he Only acted in self defense. Four of appellant’s fellow inmates testified that Taylor was armed with a knife and generally supported appellant’s claim of self defense.
As we view this case, it is simply a case involving conflicts as to material facts, and such conflicts are for the determination of the jury. We have stated many times that the jury is the sole judge of the credibility of'the witnesses and the weight and worth of their testimony. We have held in many cases that the jurors may accept the testimony of some of the witnesses and refuse to accept that of others. It is not required to accept all the evidence on behalf of the state or all the evidence on behalf of the accused. It may accept in part and reject in part. In any case where the evidence justifies the verdict, we must accept the testimony supporting the verdict as having been found worthy of belief. The jury, as it had a right to do, resolved the conflict in the evidence in favor of the state and having done so, it was warranted in believing beyond a reasonable doubt that appellant was not justified in stabbing Taylor and that he did so with the intent to kill and murder. Stennis v. State, 234 So.2d 611 (Miss.1970); McLelland v. State, 204 So.2d 158 (Miss. 1967).
For the reasons stated this case must be and is affirmed.
Affirmed.
RODGERS, P. J., and PATTERSON, SUGG and WALKER, TJ., concur.