This case comes from the Circuit Court of Lee County, Mississippi, where the appellant was indicted and tried for the murder of his wife, Afton B. Carter, but was found guilty of manslaughter and sentenced to serve a term of twenty years in the state penitentiary. From that judgment, he prosecutes this appeal.
The record discloses that on March 22, 1973, police officers of the City of Tupelo, Mississippi, were called to appellant's residence where they found him sitting in the front yard holding his intestines which were protruding from a wound in his left side at about the beltline.
Upon an examination of the house, the officers discovered the body of Mrs. Carter which had suffered the effects of two shotgun wounds. The back part of her right arm had apparently been blown away by one shotgun blast and her left chest cavity and left arm severely damaged by another. Shotgun pellets, blood, flesh and bone were found on the wall of the bedroom and the wall of the living room; a trail of blood led from the bedroom into the hall, into the kitchen where it circled to the back door and then into the living room where it terminated in the vicinity of the body. One spent shotgun shell was found in the bedroom, a second was found just inside the bathroom door off the hall and a third remained in the double-barreled shotgun which lay ten feet from the body.
The appellant's defense was that the killing was accidental. He testified that on the afternoon of the shooting he and his wife had planned to go fishing; that his wife was sitting on a dresser stool in the bedroom; that while she was sitting there he loaded the fishing equipment into his car; and, that when he came back into the bedroom he got his shotgun from the closet *Page 272 
and loaded it, whereupon she asked him what he was going to do. He replied that he had been depressed, that this way he could settle it all and that he intended to kill himself. He further testified that she grabbed the gun, pulled it down toward her and it went off the first time. He stated that after the first shot, she grabbed the gun and they wrestled for it from the bedroom, into the kitchen and back into the living room; that he kept pulling the gun back and as he did so, he stumbled over a lounge chair in the living room; that as he fell back, the gun discharged a second time with the deceased falling to the floor; and, that he then reloaded the gun and shot himself.
The appellant's primary assignment of error is that the court failed to grant him certain requested instructions dealing with circumstantial evidence. He contends that the state had the burden of proving him guilty ". . . beyond all reasonable doubt and to the exclusion of every other reasonable hypotheses [sic] consistent with his innocence," and not simply beyond a reasonable doubt.
The appellant's contention in this regard is without merit under the facts of this case. He testified that he was present at the time and place when his wife met her death and in fact testified that each time the gun discharged striking his wife he had the gun in his hand although he claimed it discharged accidentally; and his defense of accident was put squarely to the jury. He requested and was granted the following instruction:
 The court instructs the jury for the defendant that not every killing of a human being is a crime under the law of this state, and that the killing of a human being is not a crime when committed by accident and misfortune; and if there is a reasonable probability arising out of the evidence or lack of evidence that on the occasion of the shooting of Afton B. Carter that defendant did not intend to, and was not attempting to, kill said decedent or to do her any great bodily harm, and that decedent engaged in a struggle with defendant in an attempt to take the gun away from him, and that during such struggle the gun was discharged accidentally and unintentionally struck and killed decedent, then you must find the defendant not guilty.
The above instruction adequately apprised the jury of appellant's asserted defense of accident; and, when he testified as he did with respect to his version as to how the death occurred, he limited the number of hypotheses consistent with his innocence to only one — that the deceased met her death by accident while struggling for the gun. Therefore, upon retiring to consider their verdict, the jury was confronted with choosing between two alternatives: (1) they could accept appellant's version of the unfortunate incident and find him not guilty on the ground that the killing was accidental; or (2) if they rejected the appellant's claim of accident, then the only reasonable and logical conclusion that a fair-minded jury could reach from the evidence in this case was that the appellant was guilty of unlawfully killing his wife.
The law is well settled in this State that the jury is the sole judge of the credibility of the witnesses and the weight and worth to be given their testimony. They are not required to accept all of a witness' testimony as true but may accept some parts and reject others, accept it all or reject it all, as they see fit. Madison v. State, 290 So.2d 607 (Miss. 1974); Campbell v. State, 278 So.2d 420 (Miss. 1973); McLelland v. State,204 So.2d 158 (Miss. 1967).
The appellant's contention that he is entitled to the benefit of the Weathersby rule as enunicated in Weathersby v. State165 Miss. 207, 147 So. 481 (1933) is without merit as his version of how this tragic killing occurred stretches the imagination, is unreasonable and substantially contradicted in material particulars by the physical facts. *Page 273 
Appellant's assignment of error that the court erred in allowing the introduction of certain exhibits is also without merit as the admissibility of such evidence is largely within the discretion of the trial judge and we are unable to say that he abused his discretion in this case.
We are therefore of the opinion that the jury was amply justified in finding appellant guilty of manslaughter.
The judgment of the lower court is therefore affirmed.
Affirmed.
RODGERS, P.J., and PATTERSON, INZER and BROOM, JJ., concur.