Larry Shelton Hentz is a regular customer of this Court, having visited here at least six times. On this occasion he contests his conviction on June 28, 1985, in the DeSoto County Circuit Court of conspiracy to commit a jail escape. On July 3, 1985, Hentz was sentenced as an habitual offender under Section 99-19-83, Mississippi Code Annotated (Supp. 1988), to life imprisonment without possibility of parole. In reversing, we address three of the seven errors asserted by Hentz on appeal.
 I. DID THE TRIAL COURT ERR IN SUSTAINING THE STATE'S MOTION TO QUASH APPELLANT'S SUBPOENAS?
Prior to trial the defendant issued subpoenas to numerous in-state and out-of-state witnesses. The state filed a motion to quash and a hearing was held on June 20, 1985. All of the subpoenas were quashed. On appeal, the defendant challenges the ruling as to eleven in-state witnesses: Andrew C. Baker, George C. Carlson, Jr., Robert L. Williams, Thomas McLeod, David Bryan, L.A. Jones, Leonard Thompson, Jerry Eastridge, John Holt, Ray Richardson and Bobby Sanders. Since Judge Carlson was the trial judge, Judge Baker heard the motion as it related to Judge Carlson, after which Judge Carlson heard argument on the remaining subpoenas.
During the hearing on the motion to quash, the defendant was given the opportunity, outside the presence of the prosecutors, to make a showing that the subpoenaed witnesses would supply material and favorable testimony. Regarding Judge Carlson, the defendant argued that he had "information regarding the conduct of the district attorney in handling" Hentz' numerous cases. Defense counsel stated he desired to call Judge Baker to testify about previous prosecutions and to help show entrapment. McCloud, Bryan, Jones, Thompson, Eastridge and Holt would be called for the same reasons as Judge Baker. District Attorney Robert Williams and DeSoto County Deputy Sheriffs Richardson and Sanders would be called because they had "first-hand knowledge of incidents that had happened at the DeSoto County Jail" which would be helpful in the defenses of entrapment and duress. The trial court ruled that the defendant had not established that the witnesses' testimony would be material and beneficial.
On appeal, Hentz argues that the trial court's action in quashing these subpoenas violated his right, under Section 23 of the Mississippi Constitution and the Sixth Amendment to the United States Constitution, to compulsory process for obtaining witnesses in his favor.
In Gray v. State, 472 So.2d 409 (Miss. 1985), in declining to find error based on a similar argument, we stated:
 It has been observed that the accused's right to compulsory process is not absolute and the state may require a showing of some colorable need for persons to be *Page 916 
summoned lest the right be abused. Passman v. Blackburn, 652 F.2d 559, 566 (5th Cir. 1981).
Gray, 472 So.2d at 413.
We also held that whether or not a defendant had shown a colorable need was addressed to the trial court's sound discretion and declined to find reversible error because we could not "conclude that [the defendant] has demonstrated that the court's ruling was so fundamentally unfair as to deprive him of due process of law." Id.
In Roussell v. Jeane, 842 F.2d 1512 (5th Cir. 1988), the Fifth Circuit Court of Appeals reiterated the parameters of a criminal defendant's right to compulsory process under the Sixth and Fourteenth Amendments to the United States Constitution:
 In pertinent part, the Sixth Amendment provides that in all criminal prosecutions the defendant shall "have compulsory process for obtaining witnesses in his favor." U.S. Const. amend. VI. . . . In Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), the Supreme Court held that this clause prohibits a state from arbitrarily denying a defendant "the right to put on the stand a witness . . . whose testimony would have been relevant and material to the defense." 87 S.Ct. at 1925.
 Like many other constitutional rights, the right to call witnesses is not absolute. See Id. at 1925 n. 21; United States v. Valenzuela-Bernal, 458 U.S. 858, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193 (1982). "[T]he right to present relevant testimony . . . may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." Rock v. Arkansas, 483 U.S. 44, 107 S.Ct. 2704, 2711, 97 L.Ed.2d 37 (1987) (quoting Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 1046, 35 L.Ed.2d 297 (1973)).
 * * * * * *
 Most obviously, the right to call witnesses is limited to relevant and material testimony. Washington, 87 S.Ct. at 1925; See Green v. Georgia, 442 U.S. 95, 99 S.Ct. 2150, 60 L.Ed.2d 738 (1979) (due process required admission of certain critical hearsay testimony): See also, Ashley v. Wainwright, 639 F.2d 258, 261 (5th Cir. 1981) (no Sixth Amendment right to witness who cannot aid the defense); [United States v.] Melchor Moreno, 536 F.2d [1042] at 1045-46 [(5th Cir. 1976)] (district court must have some justification for excluding material witness). As Valenzuela-Bernal stated: "In Washington, this Court found a violation of this clause of the Sixth Amendment when the defendant was arbitrarily deprived of `testimony (that) would have been relevant and material, and . . . vital to the defense.' 388 U.S. at 16, 87 S.Ct. at 1922 (emphasis added)." Valenzuela-Bernal, 102 S.Ct. at 3446. There, the Court also observed that under Fed.R. Crim.P. 17(b) the government is required to subpoena a witness requested by an indigent defendant only upon a showing that the witness' presence "is necessary to an adequate defense." 102 S.Ct. at 3446 n. 7. See also United States v. Duggan, 743 F.2d 59, 82 n. 8 (2nd Cir. 1984) (constitutional right to call witnesses limited to testimony that is "relevant, material and vital to the defense"; preclusion of insanity defense under Fed.R. Crim.P. 12.2(a) held proper absent showing of materiality and vitality of potential defense evidence); Sharlow v. Israel, 767 F.2d 373, 376-79 (7th Cir. 1985) (stating that Sixth Amendment trumps state evidentiary rules only if evidence is critical, relevant, material, vital, and trustworthy) cert. den., 475 U.S. 1022, 106 S.Ct. 1212, 89 L.Ed.2d 324 (1986).
 Roussell, 842 F.2d at 1515-16.
In large part, the defendant failed to show that the subpoenaed witnesses' testimony would have been relevant, material and vital. However, we are of the opinion that the defendant did make an adequate showing of a colorable need (materiality, relevance and vitalness) in relation to DeSoto County Deputy Sheriffs Richardson and Sanders and District Attorney *Page 917 
Williams.[1]
Hentz' defenses were entrapment and duress. Hentz' "proffer" regarding the aforementioned deputy sheriffs and district attorney suggests that they had relevant and material knowledge, at least on the issue of duress. Their testimony was vital because without it Hentz had no defense. While Hentz' proffer should have been more detailed, denial of any defense whatsoever cannot be ignored. Due process requires that a criminal defendant be allowed the opportunity to defend himself. Having made a sufficient showing of colorable need in relation to Williams, Richardson and Sanders, Hentz' right to compulsory process, guaranteed by Section 23 of the Mississippi Constitution and the Sixth Amendment to the United States Constitution, was violated. We have no alternative but to reverse and remand for a new trial. We address the following two assignments so that the errors found therein might be avoided on retrial.
 II. DID THE TRIAL COURT ERR IN ADMITTING INTO EVIDENCE EXHIBITS S-1 THROUGH S-155 WITHOUT PROPER AUTHENTICATION OR WITHOUT A SHOWING OF MATERIALITY?
At trial, the state attempted to introduce numerous letters from Hentz in Parchman to his girlfriend and co-conspirator, Elizabeth Murphree. These letters were confiscated by Officer Jimmy Dees of the State Highway Patrol from Murphree's car, which was fully packed and ready to be used in their flight from the DeSoto County Jail. Some, but not all of the letters, were dated. However, the state established by reference to things mentioned in the undated letters that they all came from 1984. All of the letters were signed "Larry" and all envelopes were addressed to Murphree with a return address to Hentz at Parchman. Most, if not all, of the letters included at least veiled references to their plans and many included explicit discussions of those plans. The state did not offer any evidence concerning the handwriting.
Defense counsel objected to the introduction of the letters on the grounds of authenticity and materiality. Before ruling on admissibility, the trial court reviewed the letters in chambers for approximately an hour and a half. The trial court then determined that the letters were properly authenticated and relevant. On appeal, Hentz challenges the trial court's determination of relevance and authenticity.
Relevancy and admissibility of evidence are largely within the discretion of the trial court and this Court will reverse only where that discretion has been abused. Burt v. State,493 So.2d 1325, 1326 (Miss. 1986); Carter v. State, 310 So.2d 271, 273 (Miss. 1975); and Rule 103(a) M.R.E.
We are not concerned with the trial court's overall determination that the letters were relevant. The state made a sufficient predicate showing of relevance, after which the trial judge assured himself that the letters were relevant.
However, the letters were relevant only if written by Hentz or, in other words, only if properly authenticated. A person's handwriting may be authenticated by a handwriting expert or by a lay witness with a prior familiarity with that person's handwriting. Henry v. State, 484 So.2d 1012, 1014 (Miss. 1986); and Rule 901(b)(2) of the Mississippi Rules of Evidence. On retrial, the state must properly authenticate the letters.
 III. DID THE TRIAL COURT ERR IN ALLOWING WITNESS CHRISTINE HOUSTON TO TESTIFY AND IN ALLOWING INTO EVIDENCE EXHIBITS S-1 THROUGH S-11(B) AT THE SENTENCING PHASE OF THE CASE?
At the sentencing hearing, the state sought to introduce into evidence documents *Page 918 
supporting the habitual offender charge included in the indictment against Hentz. The indictment included a listing of seven prior convictions and the sentences given for those convictions. Exhibits S-1 -11(B) covered those convictions. The state also announced it would call Christine Houston, the record-keeper at Parchman, to testify concerning Hentz' incarceration. Defense counsel objected because the documents and Christine Houston's name had not been disclosed during discovery. The trial court overruled the objection noting that this was a sentencing hearing.
Clearly, Rule 4.06 of the Uniform Criminal Rules of Circuit Court Practice applies to the habitual offender sentencing phase of a defendant's trial. The indictment against an habitual offender must include a charge of habitual offender status sufficient to satisfy notice/due process requirements, Jones v.State, 523 So.2d 957, 959 (Miss. 1988); Bandy v. State,495 So.2d 486, 490 (Miss. 1986); Smith v. State, 477 So.2d 191, 195-96 (Miss. 1985), and double jeopardy concerns, Young v.State, 507 So.2d 48, 50 (Miss. 1987); DeBussi v. State,453 So.2d 1030, 1033 (Miss. 1984).
The state must then prove, beyond a reasonable doubt, all of the elements of the defendant's habitual offender status.Bandy, 495 So.2d at 491; Ellis v. State, 485 So.2d 1062, 1063 (Miss. 1986); and, Wilson v. State, 395 So.2d 957, 960 (Miss. 1981). This is not a truncated proceeding. It is a separate and full trial. See, Seely v. State, 451 So.2d 213, 215 (Miss. 1984); Rule 6.04, Unif.Crim.R.Cir.Ct.Prac. As such, the defendant must be provided with any and all discovery to which he is entitled under Rule 4.06, so that he will be able to meet the evidence against him.
In the case at bar, the documentary evidence and the witness' name should have been disclosed to the defendant prior to trial. On retrial, we trust that the state will follow the discovery rules.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and BLASS, JJ., concur.
PITTMAN, J., not participating.
[1] Williams, in fact, was called by and testified for the defense, but this does not affect our decision in this case as Williams was only one of three witnesses to whom the defendant's right to compulsory process attached.