822 So.2d 994 (2002)
Freddie W. FULTZ, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-01497-COA.
Court of Appeals of Mississippi.
March 12, 2002.
Rehearing Denied July 16, 2002.
*995 T. Patrick Welch, Paul McGerald Luckett, McComb, attorneys for appellant.
Office Of The Attorney General, by Charles W. Maris Jr., attorney for appellee.
Before KING, P.J., THOMAS, and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. Freddie Fultz was convicted of possession with intent to distribute a controlled substance in Pike County. Judge Mike Smith sentenced Fultz to thirty years in the custody of the Mississippi Department of Corrections, a $1,000,000 *996 fine and a $10,000 contribution to the Crime Victim's Compensation Fund. Fultz appeals the decision of the circuit court. In particular, Fultz contends that the trial court erred in denying his motion to suppress evidence of search, in disallowing defendant's jury instruction D-17 and that the verdict was against the overwhelming weight of the evidence.

FACTS
¶ 2. Freddie Fultz was driving up I-55 through Pike County when he was pulled over by Highway Patrolman Elmo Townsend. Townsend was in Pike County on special detail to check for safety violations on eighteen wheeler trucks. He was working with another officer on a stop when Fultz passed them. Trooper Townsend said he heard a loud banging noise as the truck passed. When it was safe for him to leave the scene being worked by the other trooper, Townsend pursued Fultz and pulled him over to check Fultz's license, registration and the truck's load.
¶ 3. Townsend testified that a strong odor of green marijuana was about Fultz's person when Fultz approached. Trooper Townsend checked out the license and registration of the truck and its driver. He found them all to be satisfactory. He found the load to be loose as two of the chains holding the cargo had slack in them. The loose load was making the loud banging noise when the truck initially passed the troopers. Townsend testified that as he walked to the front of the truck he again smelled the strong odor of green marijuana escaping from the truck's cab. He completed his safety check and returned Fultz's driver's license to him.
¶ 4. Townsend then asked Fultz if he had anything illegal in the truck. Fultz answered no but Townsend said he could see a radar detector, which is illegal in a commercial vehicle, on the dashboard. The officer asked to see the inside of the "tractor and I'd like to take a look at his log books and bill of lading." Here is where the versions of the story diverge. Townsend testified that Fultz hopped into the truck on the driver's side and leaned over to unlock the passenger side door to allow Townsend entry. Fultz says he did not consent to any search and he did not unlock the door for the trooper.
¶ 5. Townsend said he was struck by the pungent odor of green marijuana upon entering the cab of the truck. He went into the sleeper compartment, lifted the bed and found several "bales" of marijuana. When asked, Fultz denied any knowledge of the marijuana stating that he did not know what Townsend was talking about. At that point, Townsend handcuffed Fultz to the steering wheel and read him the Miranda warning.

DISCUSSION OF THE LAW
¶ 6. When reviewing a trial court's ruling on a suppression hearing, we must assess whether substantial credible evidence supports the trial court's finding considering the totality of the circumstances. Price v. State, 752 So.2d 1070(¶ 9) (Miss.Ct.App.1999), citing Magee v. State, 542 So.2d 228, 231 (Miss.1989). The admissibility of evidence lies within the trial court's discretion and will only be reversed if this discretion is abused. Crawford v. State, 754 So.2d 1211, 1215(¶ 7) (Miss.2000); Hentz v. State, 542 So.2d 914, 917 (Miss.1989). "The discretion of the trial court must be exercised within the boundaries of the Mississippi Rules of Evidence." Johnston v. State, 567 So.2d 237, 238 (Miss.1990).
¶ 7. Our sticky point here is whether probable cause existed for the search based on the "plain smell" of green marijuana and/or the radar detector observed by Trooper Townsend. The radar detector *997 was on the front dash. The packages of marijuana were wrapped in plastic wrap, then with fabric softener sheets and once again with plastic wrap. It was being stored in the sleeper section of the truck on the floor. Fultz testified that he had been riding with the windows of his cab rolled up with little or no fresh air passing through. The radar detector was enough probable cause to open the door to the truck. When the truck door was open, Townsend said he smelled the marijuana. Did the scent of marijuana give Townsend probable cause to search the back portion of the cab of the truck?
¶ 8. At the suppression hearing the judge held that Townsend's extensive training in drug enforcement classes over several years would have allowed Townsend to recognize the smell of unburned marijuana. Had this been a markedly smaller amount of marijuana, packaged in similar fashion, the likelihood that it would be fragrant enough to identify, without the help of the well trained drug sniffing dog, is slim. This massive amount was held to be fragrant enough for Trooper Townsend to recognize. Townsend testified that there was so much that the smell was pungent enough to give him a headache while taking photographs of the stash. The trial court found that Townsend's ability to identify green marijuana was acute enough to be able to detect nearly one hundred pounds of poorly wrapped marijuana which upheld the search and seizure.
¶ 9. In addition, Fultz is not afforded the same protections in a motor vehicle that one is afforded in one's home. Strange v. State, 530 So.2d 1336, 1340 (Miss.1988) (the plain smell corollary to plain view would not save the State from an illegal seizure of marijuana found in the home where privacy interests are highest).
¶ 10. Finally Fultz's reasoning for suppression is flawed even though the language in Miss.Code Ann § 63-13-21 (Rev. 2001) that the authority to make safety inspections is "limited to the inspection ... for mechanical defects and shall not authorize the search of the vehicle or the occupants... for any other purpose without due process of law," makes the seizure of the marijuana unlawful. Proof of his flawed reasoning is found in Jones v. State, 761 So.2d 907, 910(¶ 13)(Miss.Ct.App.2000). In Jones, this Court held that the rules of evidence control the admissibility of evidence in judicial proceedings. The rules are "subject to any constitutional concerns that might come into play, and not according to the dictates of legislative enactments." Id. See also Whitehurst v. State. 540 So.2d 1319, 1322-23 (Miss.1989). Accordingly, this issue is without merit.
¶ 11. The standard of review in evaluating jury instructions is found in Collins v. State, 691 So.2d 918, 922 (Miss. 1997).
In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read as a whole. When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found.
Id. (quoting Hickombottom v. State, 409 So.2d 1337, 1339 (Miss.1982)).
¶ 12. We will now review three jury instructions all tendered by the defense with the first being refused and the following two being given.
Defendant's denied Jury Instruction 17
The Court instructs the Jury that if you can reconcile the evidence upon any reasonable hypothesis consistent with the accused's innocense, you should do so and find him not guilty.
While instruction 17 was denied, Instructions 13 and 16 were given.
Defendant's given Jury Instruction 13

*998 The Court instructs the Jury that if the State has failed to prove beyond a reasonable doubt that Freddie W. Fultz knowingly and feloniously had more than five kilograms of marihuana in his possession, then you should find him not guilty. However, if you find Freddie W. Fultz guilty of possession of more than five kilograms of marihuana, and if the State fails to prove beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocense that the said Freddie W. Fultz had possession of more than five kilograms of marihuana with the unlawful and felonious intent to distribute said marihuana to other persons, then you should find the said Freddie W. Fultz guilty of possession of more than five kilograms of marihuana but not guilty of intent to distribute said marijuana.
Defendant's given Jury Instruction 16
The court instructs the Jury that if there be facts or circumstances in this case susceptible of two interpretations, one favorable and the other unfavorable to the accused, when the Jury has considered such fact or circumstance with all other evidence, there is a reasonable doubt as to the correct interpretation, then you, the Jury, must resolve such doubt in favor of the accused, and place upon such fact or circumstances the interpretation most favorable to the accused.
In reading the three instructions we find the same language, about which Fultz is concerned, is contained in the two instructions that were given as well as the one denied. His instruction D-17 was repetitive and unnecessary. There is no merit to this claim.
¶ 13. If the search was legal, then the verdict is reasonable in view of the overwhelming weight of the evidence. However, none of that matters because Fultz did not raise the issue of whether the verdict was against the overwhelming weight of the evidence in his motion for new trial. We cannot review what is not properly placed before us. As an appeals court, we cannot find that a trial judge committed reversible error on a matter not put before him to consider. Smith v. State, 724 So.2d 280, 313 (¶ 127) (Miss. 1998). This claim is procedurally barred.
¶ 14. Freddie Fultz was transporting nearly one hundred pounds of marijuana in the cab of his truck. Officer Townsend caught Fultz. The legislature has deemed it a worse crime to transport and possibly distribute marijuana than it is to attack someone with a deadly weapon. While we may not agree with that view, we affirm this conviction as no reversible error was committed by the trial court.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY OF CONVICTION OF UNLAWFUL POSSESSION OF MARIJUANA WITH INTENT TO DISTRIBUTE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND A FINE OF $1,000,000 AND $10,000 TO THE CRIME VICTIM COMPENSATION FUND IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, CHANDLER AND BRANTLEY, JJ., CONCUR. SOUTHWICK, P.J. AND IRVING, J., CONCUR IN RESULT ONLY.