822 So.2d 1116 (2002)
Christopher Lamar HUNDLEY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00182-COA.
Court of Appeals of Mississippi.
April 16, 2002.
Rehearing Denied July 23, 2002.
*1117 J. Ronald Parrish, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before SOUTHWICK, P.J., LEE, and CHANDLER, JJ.
CHANDLER, J., for the court.
¶ 1. On June 28, 2000, a Wayne County Circuit Court jury found Christopher Hundley guilty of two counts of the sale of cocaine. He was sentenced to serve two eight year terms in the custody of the Mississippi Department of Corrections. Following his convictions, Hundley filed a motion for new trial which was denied by the Wayne County Circuit Court. From that denial, he perfects this appeal alleging that the circuit court erred in refusing to allow him to present the testimony of Dr. Hobert Kornegay, along with Hundley's dental records held by Dr. Kornegay.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On February 10, 1999, Greg Lea, undercover agent with the South Mississippi Drug Task Force, along with other agents from the task force was working in Wayne County, Mississippi. On the date in question, Agent Lea purchased four rocks of crack cocaine from a man who was later identified as Christopher Hundley. Lea along with Adam, a confidential informant, drove to an area of Waynesboro, Mississippi, where drug sales were known to occur. They saw three men sitting on the hood of a car along Glitter Street. Adam stopped beside the car and Hundley came over to meet them. At that time, Lea asked to buy a "twenty" and Hundley sold him that amount of crack cocaine. This first purchase occurred around 5:30 p.m. Lea and Adam left the area and met with other agents at a post-buy meeting. Lea and Adam returned to Glitter Street at approximately 6:45 p.m. that same night and were again approached by Hundley. They were actually hoping to find other perpetrators when they returned to the area. At this second buy, Adam asked for marijuana and Hundley replied that he did not have any at the time but could get some. Lea asked him if he had more cocaine and Hundley produced three more rocks. Lea purchased these drugs from Hundley.
¶ 4. Both of the drug purchases were audiotaped and Hundley was seen selling the drugs to Lea by other members of the task force. The area where both sales occurred was well-lit by a nearby street light. Immediately after the sales, Lea recorded his impression of Hundley's appearance and the events of the buys.
¶ 5. Later that same night, Lea went to the local police department where he proceeded to identify Hundley from a collection of approximately one hundred unmarked photographs. Hundley was arrested eight months later. Lea testified that Hundley's arrest did not take place until eight months later because the task *1118 force was attempting to use the same undercover agent for as long as possible.

LAW AND ANALYSIS
¶ 6. On appeal, Hundley argues that the trial judge erred by refusing to allow him to produce Dr. Kornegay to testify at trial. The issue of Dr. Kornegay's testimony arose because Hundley challenged the reliability of Agent Lea's out of court identification based on the number of gold teeth Hundley had in his mouth during the time of the drug sales and in the picture used by Agent Lea to identify Hundley. Hundley argued that he had eight gold teeth at the time the drug sales occurred. Because the picture with which Lea identified Hundley revealed only four gold teeth, Hundley argued that Lea's identification was not reliable.
¶ 7. The trial court denied Hundley's motion to allow Dr. Kornegay to testify and produce his dental records for two reasons. First, the trial court found the attempt to produce Dr. Kornegay at the end of trial was a discovery violation. Under Mississippi Uniform Rules of Circuit and County Court Practice 9.04 Hundley had a reciprocal obligation to identify all witnesses who may testify in his defense at trial. On appeal Hundley argues that the State raised the issue of his gold teeth and that he did not identify Dr. Kornegay in discovery because he did not expect to need his testimony. This argument is in direct conflict with the trial transcript. Hundley challenged the reliability of Lea's identification by showing his gold teeth to the jury. He also stated that Dr. Kornegay had placed the teeth in his mouth prior to the time of the drug sales. Hundley's intent was to convince the jury that if he had eight gold teeth at the time of the drug sale, the teeth would have been so prominent that Lea could not have identified him from a picture containing only four gold teeth.
¶ 8. The trial judge also found that Dr. Kornegay's testimony would be irrelevant and unhelpful to the jury. "The relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused." McIlwain v. State, 700 So.2d 586, 590 (Miss. 1997) (citing Hentz v. State, 542 So.2d 914, 917 (Miss.1989)). Because of the sufficiency of the evidence supporting Agent Lea's eyewitness identification of Hundley, the trial judge did not abuse his discretion in ruling that Dr. Kornegay's testimony was irrelevant. Reliability has been deemed the linchpin in determining the admissibility of identification testimony. Manson v. Brathwaite, 432 U.S. 98, 114, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); Gray v. State, 728 So.2d 36 (¶ 159) (Miss.1998). To determine if an identification is reliable, the trial court must look to the totality of the circumstances. Gray, 728 So.2d at (¶ 160). In determining whether this standard has been met there are certain factors that must be considered:
1. Opportunity of the witness to view the accused at the time of the crime;
2. The degree of attention exhibited by the witness;
3. The accuracy of the witness' prior description of the criminal;
4. The level of certainty exhibited by the witness at the confrontation;
5. The length of time between the crime and the confrontation.
Neil v. Biggers, 409 U.S. 188, 199-200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); Gray, 728 So.2d at (¶ 161).
¶ 9. Looking to the above listed factors, Agent Lea, a trained undercover agent, testified that he spent a total of approximately seven minutes in face to face contact with Hundley. Lea stated that the drug sales took place in a well-lit area and that he "had a very clear view of the [Hundley] ... particularly of his face." *1119 Lea also testified that he was "one hundred percent sure" that he properly identified Hundley by his photograph as the man he purchased drugs from on February 10, 1999. Agent Lea testified that he went promptly to the local police station after the drug buys where he looked through approximately one hundred unmarked photographs until he found the one that was later identified as Hundley.
¶ 10. The above listed facts are sufficient to satisfy the Biggers test. The trial judge did not abuse his discretion in ruling that Dr. Kornegay's testimony was irrelevant. Whether Hundley had eight gold teeth at the time of the drug sales and only four in the photograph identified by Agent Lea is immaterial, especially as in the photograph only Hundley's upper teeth were showing. If Hundley did have eight gold teeth at the time the picture was taken, they would not show unless he revealed his upper and lower teeth.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY OF CONVICTION OF COUNT I, THE SALE OF COCAINE AND SENTENCE OF EIGHT YEARS AND FINE OF $5,000; COUNT II, THE SALE OF COCAINE AND SENTENCE OF EIGHT YEARS TO RUN CONSECUTIVELY TO SENTENCE IN COUNT I AND SUSPENDED FINE OF $5,000, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR.