LEE, P.J.,
for the Court.
¶ 1. On July 15, 1999, Archie Ellis, Greg Smith, Terrence Smith and Craig Gaines drove from Jackson to Vicksburg to look for work. Greg and Terrence are the sons of Albert Smith, and Craig Gaines is Albert Smith’s stepson. Archie Ellis was Albert Smith’s first cousin. The young men returned from Jackson and went to Smith’s house. Terrence entered the house, where he lived with his parents, and invited the other young men to join him. While they were in the house, Albert Smith returned from a doctor’s appointment, and became angry to find Greg and Craig in the house. Craig and Smith began to quarrel, and Greg, Craig, and Ellis went outside to wait in the car. Smith picked up some money his wife had left for him on the kitchen table beneath a gun. Smith also picked up the gun and put it in his pocket. Smith walked back outside and began arguing with Craig. Smith then walked to the passenger side of the vehicle where Ellis was sitting and pulled the gun from his pocket. According to Smith, he slipped on the pavement, caught himself with one hand against the passenger side window, while the hand holding the gun hit Ellis in the neck and accidentally discharged. Two witnesses testified that Smith did not slip as he walked down the driveway and that Smith finished smoking his cigarette after the shooting. Terrence, who was in the house, heard the shot and ran outside. Seeing what happened, he fell to the ground, crying. Terrence entered the car, and the men hurried off. Ellis died before the men had driven fifty feet.
*543 ¶2. Smith was convicted of murder in Hinds County Circuit Court. It is from this conviction that Smith now appeals, arguing the following errors:
I. THE TRIAL COURT ERRED IN EXCLUDING TESTIMONY AND EVIDENCE REGARDING A 1994 DRIVE-BY SHOOTING
II. THE TRIAL COURT ERRED IN DENYING SMITH’S MOTION FOR A MISTRIAL DUE TO COMMENTS BY THE STATE DURING CLOSING ARGUMENTS
III. THE JURY VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
STANDARD OF REVIEW
¶3. Relevancy and admissibility of evidence are largely within the discretion of the trial court and this Court will reverse only where that discretion has been abused. Hentz v. State, 542 So.2d 914, 917 (Miss.1989). The standard of review that appellate courts must apply to lawyer misconduct during opening statements or closing arguments is whether the “natural and probable effect of the improper argument is to create unjust prejudice against the accused so as to result in a decision influenced by the prejudice so created.” Sheppard v. State, 777 So.2d 659(¶ 7) (Miss.2000). Finally, when discussing whether the verdict is against the overwhelming weight of the evidence, the standard of review is abuse of discretion in failing to grant a new trial. Ratliff v. State, 879 So.2d 1062(¶ 15) (Miss.Ct.App.2004).
¶ 4. Finding that Smith’s arguments lack merit, we affirm the judgment of the trial court.
DISCUSSION OF ISSUES
I. EVIDENCE REGARDING THE 1994 DRIVE-BY SHOOTING
¶ 5. This Court reviews the admission and relevancy of evidence under the abuse of discretion standard, for these determinations are within the discretion of the trial court. Hentz, 542 So.2d at 917. Smith argues that the trial court erred in excluding both his and his wife’s testimony regarding a drive-by shooting at the Smith home in 1994. Smith argues that the evidence should have been admitted because there was no one else on trial to whom the unfair prejudice could be claimed and the testimony would not lead to confusion of the issues “because the testimony related to the ire the presence of the young men aroused in Rev. Smith when he arrived home that day....” The State argues that evidence of the drive-by shooting is too remote to be relevant.
¶ 6. After reviewing the proffered evidence, this Court is inclined to agree with the State. Smith’s attorney proffered a summary of Smith’s testimony, as well as a summary of Mrs. Smith’s testimony regarding the 1994 drive-by shooting. The proffered testimony relates that while the decedent did not participate in the drive-by shooting, Smith associated Craig Gaines, who witnessed Ellis’s death, with the drive-by shooting. The proffered testimony would have detailed the effect the drive-by had on the Smith family, and would have explained why Smith did not allow Gaines to be present at the Smith house without Smith’s presence.
¶ 7. The Mississippi Rules of Evidence define relevant evidence as evidence “having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” M.R.E. 401. The shooting sub judice occurred some four years after *544 the drive-by. Furthermore, neither Smith nor his wife knew the identity of the individuals involved in the drive-by, but both merely associated the incident with Gaines. Although this information may shed light on why Smith owned the gun, this information has little relevance as to why Smith approached Ellis, who was not associated with the drive-by shooting. It is clear from reviewing the proffered testimony that the trial judge did not abuse his discretion in excluding it.
II. SMITH’S MOTION FOR A MISTRIAL DUE TO COMMENTS BY THE STATE DURING CLOSING ARGUMENTS
¶ 8. “The standard of review that appellate courts must apply to lawyer misconduct during opening statements or closing arguments is whether the natural and probable effect of the improper argument is to create unjust prejudice against the accused so as to result in a decision influenced by the prejudice so created.” Sheppard, v. State, 777 So.2d 659(¶ 7) (Miss.2000). Smith cites seven instances of misconduct by the State in its closing argument, including references to the victim’s family and their attendance at the trial, the State’s actions as the “last voice” for the victim, references to the victim’s last thoughts, and the grief of the victim’s family members.
¶ 9. While the State pushed the limits of acceptable argument in its closing statements, the trial court alleviated any prejudice in properly sustaining the objections of counsel and admonishing the jury. Our supreme court has held that the trial judge is in the best position to determine if an alleged objectionable remark has a prejudicial effect. Roundtree v. State, 568 So.2d 1173, 1177 (Miss.1990). “The judge is provided considerable discretion to determine whether the remark is so prejudicial that a mistrial should be declared.” Id. If serious and irreparable damage has not occurred, then the trial judge should direct the jury to disregard the remark. Id. at 1178.
¶ 10. After a review of the State’s closing arguments, we cannot say that the improper arguments led to a verdict that was based upon prejudice and not upon the evidence. The trial court sustained most of Smith’s objections and immediately instructed the jury to disregard certain improper statements made by the State. Furthermore, the trial judge instructed the jury that “what the attorneys say for either side is not evidence.” The trial judge properly admonished the jury, therefore we find that the trial judge did not abuse his discretion in denying Smith’s motion for a mistrial.
III. THE JURY VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE
¶ 11. When discussing whether the verdict is against the overwhelming weight of the evidence, the standard of review is abuse of discretion in failing to grant a new trial. In Montana v. State, the Mississippi Supreme Court stated:
In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal.
Montana v. State, 822 So.2d 954(¶ 61) (Miss.2002) (citation omitted).
¶ 12. Greg Smith testified that he was sitting in the driver’s seat of the car next to Ellis. Greg testified that his father *545 threatened the men in the car shortly before his father went into the house and returned with the gun. Greg testified that Smith walked quickly over to Ellis and shot him. Greg also testified that he did not see his father slip and fall. Craig Gaines, who was sitting in the back seat of the car when Ellis was shot, testified that he saw his stepfather walk out of the house, pull out a gun and shoot Ellis. Gaines testified that he saw Smith pull back the hammer on the gun when he approached Ellis. Gaines testified that he did not see Smith slip and fall before he shot Ellis. Gaines and Greg both testified that after the shooting, Smith walked to the front of the car and took a few drags on the cigarette he was smoking. Dr. Rodrigo Galvez, the pathologist who performed the autopsy on Ellis, testified that the gun left an imprint below Ellis’s ear and that the gun left soot on Ellis’s skin. Dr. Galvez testified that both of these markings resulted from close, hard contact between the gun and Ellis’s skin. Accepting this evidence as true, the trial court did not err in denying the motion for a new trial. The testimony of the witnesses to the shooting, as well as the autopsy results, support the verdict. This issue is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.