BRIDGES, P.J.,
for the Court.
¶ 1. A jury sitting before the Scott County Circuit Court convicted Ollie Kennedy of possession of more than thirty grams of marijuana, a violation of Miss.Code Ann. § 41 — 29—139(c)(2)(A) (Rev.2001). The circuit court sentenced Kennedy to three years in the custody of the Mississippi Department of Corrections. Feeling aggrieved, Kennedy appeals and asserts one instance of error in the circuit court:
I. THE CIRCUIT COURT ERRED IN OVERRULING KENNEDY’S OBJECTION TO THE ADMISSIBILITY OF THE RESULTS OF THE SEARCH AND ARREST.
Finding no error, we affirm.
FACTS
¶ 2. On October 16, 2002, an anonymous person contacted the Morton Police Department and informed authorities that drug activity was taking place outside the Spring Lane Apartments in Morton, Mississippi. Officer Willie Anderson responded. Anderson testified at the trial before the circuit court. Anderson swore that when he arrived at the apartments, he found two vehicles, one parked behind the other. Anderson could not see inside the cars, but he smelled marijuana. Having determined that the smell was distinctly coming from one of the two vehicles, Anderson drew his pistol and asked the occupants of a light blue four-door Ford if anyone inside had a weapon. Ollie Kennedy answered “I do” and gave Anderson a pistol.
¶ 8. Officer Anderson asked Kennedy to get out of the car and Kennedy complied. Anderson put Kennedy in handcuffs and arrested Kennedy. Besides Kennedy, two additional people were inside the Ford. Because Anderson only had two sets of handcuffs — one set already on Kennedy- — ■ he restrained Cleotha White in his remaining set of handcuffs. Anderson could not restrain the remaining passenger, Laranda Jones, so Anderson searched her and found marijuana cigarettes in her possession. Anderson had Jones remain a distance from the Ford.
¶ 4. After Kennedy got out of the Ford, Anderson noticed a clear plastic bag lying on the driver’s side floorboard. Although the bag was empty, Anderson stated that marijuana residue was inside the bag. Anderson searched the back seat and found another pink or red bag that had marijuana inside it. Anderson took Kennedy to the jail and performed an inventory search of Kennedy’s belongings. The inventory search resulted in confiscation of five bags of marijuana, hidden inside the lining of Kennedy’s coat. Those five bags contained 48.9 grams of marijuana.
¶ 5. While in custody, Kennedy received a Miranda warning and later waived those rights and submitted a statement. Kennedy admitted that the Ford and all of the marijuana belonged to him. Kennedy later pled “not guilty” and filed a pretrial motion to suppress evidence of the results of the search of his person and his car. After a hearing on the matter, the circuit court denied Kennedy’s motions to suppress. Ruling the “fruits” of the searches could go into evidence.
¶ 6. At trial, Kennedy again moved to suppress the results of the searches, but the trial court overruled Kennedy’s motion. The State called Brandi Goodman to testify. Goodman is a forensic scientist with the Mississippi Crime lab. Goodman testified that she performed tests on the bags that Officer Anderson found in Kennedy’s car. As for the bag Anderson found lying on the driver’s side floorboard, near Kennedy’s foot, Goodman testified *1130 that she did not find any marijuana in that bag. Regarding the pink bag found near the back seat, 1.5 grams of marijuana were in that bag. However, the circuit court determined that Cleotha White had been convicted for possession of that marijuana, so the jury could not consider that marijuana in deciding Kennedy’s case. Thus, Kennedy was convicted for possessing the marijuana found in his jacket as a result of the inventory search conducted at the Morton Jail. Kennedy filed a motion for new trial, but the circuit court overruled that motion. Aggrieved, Kennedy appeals.
ANALYSIS
I. DID THE CIRCUIT COURT ERR IN OVERRULING KENNEDY’S OBJECTION TO THE ADMISSIBILITY OF THE RESULTS OF THE SEARCH AND ARREST?
¶ 7. Kennedy argues that the circuit court should have suppressed the evidence that was obtained from the search of his car and his person at the jail. In examining Kennedy’s assertion, we are mindful that a trial judge has a great deal of discretion as to the admissibility of evidence. Evans v. State, 725 So.2d 613 (¶ 232) (Miss.1997). Unless the trial judge abused his discretion and caused Kennedy to suffer prejudice, this Court will not reverse the judge’s ruling. Id. (quoting Fisher v. State, 690 So.2d 268, 274 (Miss.1996)).
¶ 8. Evidence obtained from an illegal arrest or detention is inadmissible at trial. Davis v. Mississippi, 394 U.S. 721, 724, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969). The prosecution argued that probable cause for the search existed according to the plain view doctrine. The plain view doctrine is an understanding that if a law enforcement officer has a right to be where he is and observes evidence that can be seized, that evidence may be seized and introduced into evidence. Harris v. U.S., 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968).
¶ 9. Here, Anderson testified that he could smell marijuana coming specifically from Kennedy’s car, rather than the ear parked nearby. Kennedy argues that Anderson could not have determined that the smell of marijuana was coming from his car. Kennedy also relies on Johnson v. U.S., 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948). Kennedy argues that, according to Johnson, the search of his car was illegal.
¶ 10. In Johnson, police obtained information that unknown people were smoking opium in a hotel room. Narcotics agents went to the hotel, smelled opium coming from a room, and knocked on the door. Someone responded, but denied smoking opium. The narcotics agents informed the person that he was under arrest and proceeded to search the hotel room. The Supreme Court held that probable cause to arrest the defendant did not exist until after the search. Further, the opium smell did not justify the search because the narcotics agents did not know who was in the room.
¶ 11. The State counters Kennedy’s reliance on Johnson by pointing out that the search in Johnson was of an occupied dwelling, where a warrant is necessary. The law enforcement officers in that case had time and sufficient evidence to obtain a search warrant. The State points out that cars, due to their mobility, can be searched without a warrant. Moore v. State, 787 So.2d 1282(¶20) (Miss.2001). Moore also allowed probable cause based on a totality of circumstances. Id. In Fultz v. State, 822 So.2d 994 (Miss.Ct.App.2002) this Court ruled that a law enforcement officer had probable cause to search a truck based on plain smell. Further, a law enforcement officer has probable cause to arrest where that officer had reason to *1131 believe the person proposed to be arrested committed a felony. Thomas v. State, 645 So.2d 1345, 1347 (Miss.1994).
¶ 12. Kennedy also submits that his arrest preceded the search of his car and the marijuana smell did not justify the search because three people were in his car and the smell of marijuana could be coming from any one of them. According to Kennedy, because his arrest was illegal, the illegal arrest poisoned the search of his car and of his jacket back at the jail. Kennedy further points out that his conviction was based solely on the marijuana found in his jacket. The justification for searching his jacket was a search incident to arrest and because he was arrested illegally, the search incident to arrest was illegal.
¶ 13. The State responds that probable cause to search the car existed under a totality of the circumstances. The basis of the totality of circumstances begins with an anonymous tip that drug activity was occurring. Anderson responded and confirmed the anonymous source’s information — that is, two cars were parked, one behind the other, and the occupants were using drugs. Anderson smelled marijuana when he approached the cars and determined that the smell was coming from Kennedy’s car. Anderson also found a gun on Kennedy, so Anderson, for his protection, asked Kennedy to get out of the car. When Kennedy was out of the car, Anderson found, in plain view, a bag commonly used in drug transactions.
¶ 14. Additionally, the subsequent search revealed an additional pink bag of marijuana. Another occupant of Kennedy’s ear had marijuana cigarettes in her purse. Accordingly, every person in Kennedy’s car had marijuana near them, thus Anderson lawfully arrested Kennedy and White, but chose not to arrest Laranda Jones. The State further argues that the search incident to arrest was properly conducted in an effort to prevent the smuggling of weapons or drugs into the Morton Jail. Thus, the State concludes that the evidence that ultimately led to Kennedy’s conviction was not obtained unlawfully, but under a totality of circumstances.
¶ 15. We find that the State’s argument is persuasive. Anderson responded to an anonymous tip. Anderson smelled marijuana coming from one of the cars referenced in that anonymous tip. An occupant of the car had a pistol. When that occupant got out of the car, Anderson saw a bag often used in drug transactions. Anderson found marijuana on or near every occupant of the car. An inventory search subsequent to arrest produced the evidence that we presently scrutinize. Combined with precedent and an analysis of the record, there was, based on the totality of circumstances, a substantial basis for finding probable cause to arrest Kennedy and search his car. Accordingly, the evidence obtained as a result was admissible and the trial court did not abuse its discretion or commit reversible error.
¶ 16. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT OF CONVICTION OF FELONY POSSESSION OF MARIJUANA AND SENTENCED TO THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
LEE, P.J., MYERS,'CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ. CONCUR. KING, C.J., CONCURS IN RESULT ONLY. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.