CARLTON, J.,
for the Court:
¶ 1. This appeal stems from Thomas Earl Austin’s conviction in the Lowndes County Circuit Court for the crime of possession of a firearm by a convicted felon. Austin claims that the circuit court erred in denying his motion to suppress the evidence found in his vehicle as the result of an unreasonable search and seizure. Finding no error, we affirm.
FACTS
¶ 2. On March 12, 2009, Officer Lance Luckey of the Columbus Police Department observed a maroon-colored vehicle driving in his direction. Officer Luckey noticed that neither the driver nor the passengers of the vehicle were wearing seat belts. Officer Luckey then initiated a traffic stop by turning on his blue lights, turning his police car around, and driving behind the vehicle.
¶ 3. After the driver stopped the vehicle, Officer Luckey approached the driver. Officer Luckey informed the driver why he had pulled him over, and he requested to see a driver’s license and proof of insurance. The driver, who later identified himself as Austin, stated that he did not have a driver’s license or insurance. Officer Luckey then asked Austin for his social security number so that he could check on the status of Austin’s license. Officer Luckey also proceeded to take down identifying information from Austin as well as the other two passengers. Officer Kelvin Lee soon arrived at the scene to assist.
¶ 4. Officer Luckey testified that he smelled the odor of marijuana emanating from the car while initially questioning Austin during the traffic stop, and he asked Austin if there was anything in the vehicle that he needed to know about. Austin answered in the negative, and he consented to Officer Lackey’s request to search the vehicle. Upon searching the interior of the vehicle, Officer Luckey found the remnants of marijuana on the floorboard and seats. Officer Luckey asked the three occupants how long had it been since they had possessed or smoked marijuana in the vehicle. Austin admitted that they had smoked marijuana just an hour or so earlier.
¶ 5. After noticing that the smell of marijuana remained very strong, Officer Luck-ey then asked Austin if he had any marijuana in the trunk of the vehicle. Austin informed Officer Luckey that no marijuana was in the trunk, but Austin admitted that his uncle’s shotgun was in the trunk. Austin consented to Officer Luckey’s request to search the trunk. Once he opened the trunk, Officer Luckey noticed the 12-gauge shotgun that Austin claimed belonged to his uncle. Officer Luckey continued to search the trunk, and he found a .45-caliber automatic handgun. Austin claimed that the gun did not belong to him, and he told Officer Luckey that he had found it in a ditch. Officer Luckey testified that Officer Lee talked to Austin about his past criminal record, while Offi *568 cer Luckey searched the trunk. Officer Luckey stated that Austin admitted that he was a convicted felon. The officers then proceeded to place Austin under arrest. A Lowndes County grand jury ultimately indicted Austin on two counts of possession of a firearm by a previously convicted felon.
¶ 6. Prior to trial, Austin filed a motion to suppress the evidence found in his vehicle on the ground that Officer Luckey lacked probable cause to conduct the initial traffic stop. Austin further claimed that the subsequent search of the vehicle was unreasonable due to lack of probable cause. The circuit judge subsequently denied Austin’s motion to suppress.
¶ 7. After a trial held on May 25-26, 2010, a jury convicted Austin of Count I, possession of a firearm by a convicted felon. When deliberating on Count II, the jury was unable to reach a unanimous verdict, and the circuit judge declared a mistrial as to Count Two. The circuit judge sentenced Austin as a habitual offender, pursuant to Mississippi Code Annotated section 99-19-81 (Rev.2007), to ten years in the custody of the Mississippi Department of Corrections without eligibility for parole or probation. The circuit judge also ordered Austin to pay a fine of $5,000 and all costs. Austin filed a motion for a judgment notwithstanding the verdict, or in the alternative, a new trial, which the circuit court subsequently denied. Austin now appeals his conviction and sentence, claiming that the circuit court erred in overruling his motion to suppress, and he requests that this Court reverse his conviction and sentence.
STANDARD OF REVIEW
¶ 8. When reviewing a circuit court’s ruling on a suppression hearing, this Court must assess whether substantial credible evidence supports the circuit court’s finding considering the totality of the circumstances. Price v. State, 752 So.2d 1070, 1073 (¶9) (Miss.Ct.App.1999) (citation omitted). The admissibility of evidence lies within the circuit court’s discretion and will only be reversed if this discretion is abused. Hentz v. State, 542 So.2d 914, 917 (Miss.1989). “The discretion of the [circuit] court must be exercised within the boundaries of the Mississippi Rules of Evidence.” Johnston v. State, 567 So.2d 237, 238 (Miss.1990).
DISCUSSION
¶ 9. Austin claims that the circuit court erred in overruling his motion to suppress evidence of the weapons found in his vehicle and Austin’s statements regarding possession of the weapons. Austin argues that Officer Luckey lacked probable cause and reasonable suspicion to initiate the traffic stop and subsequently search his vehicle; thus, Austin submits that the evidence from the search was inadmissible at trial.
¶ 10. “As a general rule, ‘the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.’ ” Drummer v. State, 42 So.3d 563, 565 (¶ 8) (Miss.Ct.App.2009) (quoting Henderson v. State, 878 So.2d 246, 247 (¶ 7) (Miss.Ct.App.2004)). Officer Luckey testified at trial that he observed that neither Austin nor his passengers were wearing seat belts while riding in the vehicle, which is a violation of Mississippi Code Annotated section 63-2-1(1) (Supp.2010). Section 63-2-1(1) states that “[w]hen a passenger motor vehicle is operated in forward motion on a public road, street or highway within this state, every operator, every front-seat passenger ... shall wear a properly fastened safety seat belt system[.]” Officer Luckey testified that he initiated the traffic stop based solely on his *569 observation of Austin’s and his passengers’ failure to wear their seat belts in violation of section 63-2-1(1); thus, we find that Officer Luckey’s traffic stop was constitutionally reasonable.
¶ 11. Next, Austin claims that Officer Luckey’s search of the vehicle and trunk was not reasonably related in scope to the circumstances that justified the brief traffic stop. Austin further argues that the detention lasted longer than necessary to effect the purposes of the traffic stop.
¶ 12. Officer Luckey explained at trial that had he not smelled marijuana emanating from the vehicle, Austin would have been free to leave after Officer Luck-ey issued the traffic citations for failure to wear a seat belt. However, Officer Luck-ey testified that once he approached the vehicle and began speaking with Austin, he smelled a strong odor of burnt marijuana coming from the vehicle. Once Officer Lee arrived on the scene, Officer Luckey asked Austin if he could search the vehicle. Officer Luckey testified that Austin consented to his request to search the vehicle and trunk. An audio recording of the traffic stop, which Austin’s counsel played at both the suppression hearing and at trial, confirms that Austin indeed consented to Officer Luckey’s request to search the vehicle and trunk.
¶ 13. The Fourth Amendment to the United States Constitution and Article 3, Section 23 of the Mississippi Constitution of 1890 prohibit searches and seizures conducted without probable cause and a search warrant, except under certain limited exceptions.[1] See United States v. Ross, 456 U.S. 798, 825, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); Walker v. State, 881 So.2d 820, 827 (¶ 14) (Miss.2004). “One such exception exists wherein a search conducted pursuant to voluntary consent obviates the need for either probable cause or a warrant.” Peters v. State, 920 So.2d 1050, 1055 (¶ 14) (Miss.Ct.App.2006). We find that Austin’s consent to Officer Luck-ey’s request to search the vehicle and trunk obviated the need for probable cause in the present case.
¶ 14. Consent notwithstanding, we find that Officer Luckey’s search of the vehicle was also permissible under the automobile exception to the Fourth Amendment. The automobile exception provides that “[w]hen probable cause justifies the search of [a] vehicle which [the] police have lawfully stopped, ‘it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.’ ” Roche v. State, 913 So.2d 306, 313 (¶ 22) (Miss.2005) (citing Ross, 456 U.S. at 825, 102 S.Ct. 2157). The United States Supreme Court further explained that “[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment permits [the] police to search the vehicle without more.” Id. (citing Maryland v. Dyson, 527 U.S. 465, 467, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999)).
¶ 15. After reviewing the record, we find that Officer Luckey possessed probable cause to initiate the traffic stop. We also find that Officer Luckey’s search of the vehicle and trunk was permissible; therefore, we find that the circuit court properly denied Austin’s motion to sup *570 press the evidence found as a result of the traffic stop. This issue is without merit.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF POSSESSION OF A FIREARM BY A CONVICTED FELON AND SENTENCE AS A HABITUAL OFFENDER OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION AND TO PAY A $5,000 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, MAXWELL AND RUSSELL, JJ., CONCUR.

. Additionally, due to Officer Luckey's testimony that he smelled burnt marijuana emanating from the vehicle, we find that his search of the vehicle was also permissible under the plain-smell corollary of the plain-view doctrine. See Fultz v. State, 822 So.2d 994, 996-997 (¶¶ 7-9) (Miss.Ct.App.2002). In Fultz, this Court held that a law-enforcement officer had probable cause to search a truck based on plain smell. Id.