### BOWEN v. STATE.

(Division B. Feb. 1, 1937. Suggestion of Error Overruled, Feb. 15, 1937.)

[172 So. 151. No. 32363.]

716

Earle L. Wingo, of Hattiesburg, for appellant.

**Webb M. Mize,** Assistant Attorney-General, for the state.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant was indicted, tried, and convicted in the circuit court of Forrest county upon a charge of robbery; was sentenced to serve ten years, and prosecutes this appeal here.

The only ground assigned for reversal is that the court erred in permitting the jury to return to the jury room and make up a verdict after they had been discharged for the term, and after they had separated and mingled with the populace, the case being a felony.

The record shows that the jury retired to the jury room to consider their verdict, and returned into court the following verdict: "We, the jury, find the defendant guilty as charged, but recommend the mercy of the court." The trial judge then sentenced appellant to ten years in the penitentiary, and discharged the jury, directing them to go by the clerk's office and get their pay, it being Saturday, the last day of the week, but not the last day of the term. After the jury left the courtroom, the circuit judge noticed that the verdict was written on the back of one of the instructions, and as a matter of precaution he had the deputy sheriff reassemble the jury, and they wrote precisely the same verdict upon a separate piece of paper, and the judge repronounced the same sentence, noting same in the record. There is no other proof in reference to this matter than the judge's statement.

The law does not require verdicts to be written upon a separate piece of paper. The verdict as originally returned in this case written upon one of the instructions was a valid verdict, and the reassembling of the jury did not affect its legality in any respect, it having been rendered before the jury was discharged.

There has been, at times, some confusion created by verdicts of juries being written in blank in instructions, leaving the appearance of having been directed by the

court, and errors of this kind have caused the judges of some courts to require that verdicts be written upon separate pieces of paper, which is a commendable practice, but not essential to the validity of verdicts.

The judgment of the court below will therefore, be affirmed.

Affirmed.