# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CT-00407-SCT

*PATRICK JONES*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 12/14/1999 |
| TRIAL JUDGE: | HON. KENNETH L. THOMAS |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RAYMOND L. WONG |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DEWITT T. ALLRED, III |
| DISTRICT ATTORNEY: | LAURENCE Y. MELLEN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 10/30/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### EN BANC.

### SMITH, PRESIDING JUSTICE, FOR THE COURT:

¶1.     Patrick Jones was indicted on one count of vehicular homicide in Bolivar County Circuit Court. Jones was accused of causing an automobile accident while under the influence of cocaine which resulted in the death of Emma Powell. Jones was convicted and received a sentence of twenty years with five years suspended. Jones appealed, and the appeal was assigned to the Court of Appeals which affirmed. ***Jones v. State***, 2003 WL 21005836 (Miss. Ct. App. 2003). This Court granted certiorari to consider the application of the physician-patient privilege in criminal cases and the possible evidentiary implication of

standards for hospitals and medical personnel involved in drug testing of patients. 852 So. 2d 577 (Miss. 2003). After due consideration, we find no error in the judgment of the Court of Appeals and affirm.

**FACTS**

¶2.     This statement of facts is taken from the opinion of the Court of Appeals:

> While driving his loaded tractor trailer rig along Highway 61 North, just south of Shaw, Jones collided with Emma Powell's automobile. More specifically, Jones struck Powell's vehicle from the rear as they were both proceeding north in the outside lane of Highway 61 North which, at the point of impact, is a four-lane highway. At the time of the collision, the weather was clear. There were no obstructions blocking the view of northbound motorists. There were no skid marks indicating that Jones had applied his brakes prior to impact. However, there were skid marks from Powell's vehicle, apparently caused by the weight of Jones truck resting on the rear of her car while, at the same time, pushing her car down the road. Powell and Jones were both injured and transported to the Bolivar Medical Center. Powell later died as a result of the injuries she received.
>
> Sergeant Bob McFadden with the Mississippi Highway Patrol's Traffic Enforcement Division investigated the accident. After Powell was pronounced dead, McFadden administered a breath test to Jones. This test was negative for alcohol, and McFadden did not request that a urine analysis be performed on Jones.
>
> Although McFadden did not request that a urine analysis be administered to Jones, one was administered by hospital personnel as a part of the diagnostic treatment administered to Jones. Clint Robinson, an emergency room registered nurse, retrieved the urine sample from Jones, and Betty Cooper, a medical technologist with Bolivar Medical Center, following hospital procedures, performed the analysis on Jones's urine. This analysis determined that Jones had cocaine in his system. The results of Cooper's cocaine analysis were confirmed, pursuant to standard hospital policy, by Memphis Pathology Laboratories (MPL). However, no one from MPL testified. Over persistent objection from Jones, the trial court admitted the results of the urine analysis, performed by Cooper, and the confirmation report performed by MPL.

*Jones v. State*, 2003 WL 21005836, at * 1 (footnote omitted).

¶3.     Jones was convicted of vehicular homicide and was sentenced to twenty years, with five years suspended. Jones appealed his conviction and sentence, arguing that the circuit court had admitted the results of his urinalysis in violation of the physician-patient privilege and without meeting the statutory

requirements for admission contained in Miss. Code Ann. § 63-11-19 (Supp. 2003). The Court of Appeals rejected this argument, stating: (1) the results of Jones's urinalysis were not protected by the physician-patient privilege; (2) the requirements of § 63-11-19 did not per se exclude the evidence in question; (3) admission of the evidence should be based on a standard of reasonableness; and (4) while the admission of the report from Memphis Pathology Lab was improper based on hearsay and violation of the right of confrontation, but this error was harmless.

## DISCUSSION

### I. WHETHER THE PHYSICIAN-PATIENT PRIVILEGE WAS APPLICABLE.

¶4. Jones argues first that the Court of Appeals erred in finding that the results of his urinalysis were not protected from disclosure by the physician-patient privilege. The privilege may be found at Miss. Code Ann. § 13-1-21(1) (Rev. 2002) and Mississippi Rule of Evidence 503. None of the exceptions found in Rule 503 are applicable here.

¶5. This Court has stated that the physician-patient privilege applies in criminal cases. *Hopkins v. State*, 799 So.2d 874 (Miss. 2001); *State v. Baptist Mem'l Hosp.-Golden Triangle*, 726 So.2d 554 (Miss. 1999); *Cotton v. State*, 675 So.2d 308 (Miss. 1996); *Ashley v. State*, 423 So.2d 1311 (Miss. 1982). However, these cases are distinguishable on their facts from Jones's situation. In *Ashley*, the privilege was waived when Ashley failed to timely object. In *Cotton*, the privilege in question was not Cotton's, but a witness's. In *Baptist Mem'l*, there was a statutory exception to the privilege, and in *Hopkins*, the defendant waived the privilege. In this case the evidence in question came under the physician-patient privilege, and there was no waiver and no statutory exception. The Court of Appeals noted that without the urinalysis results there was no evidence of cocaine in Jones's system. Citing *Baptist*

3

*Mem'l*, the Court of Appeals found that "to ensure the proper administration of justice, the medical records regarding the analysis of Jones's urine specimen must be removed from the protection of the physician-patient privilege." *Jones*, 2003 WL 21005836, at *4 (¶ 20). A defendant in a criminal case may not rely on this privilege to exclude incriminating evidence. This Court, citing cases from other jurisdictions, made this same point numerous times in *Baptist Mem'l*, 726 So.2d at 559, 560, stating that "[w]here there is an investigation into a serious and/or dangerous felony, public policy must override the rights of an individual," and that the physician-patient privilege would not be used as a "cloak for a crime." This issue is without merit.

**II**. **WHETHER MISS. CODE ANN. § 63-11-19 IS AN EXCLUSIONARY RULE**.

¶6. Miss. Code Ann. § 63-11-19 states in part:

> A chemical analysis of the person's breath, blood or urine, to be considered valid under the provisions of this section, shall have been performed according to methods approved by the State Crime Laboratory created pursuant to Section 45-1-17 and the Commissioner of Public Safety and performed by an individual possessing a valid permit issued by the State Crime Laboratory for making such analysis. The State Crime Laboratory and the Commissioner of Public Safety are authorized to approve satisfactory techniques or methods, to ascertain the qualifications and competence of individuals to conduct such analyses, and to issue permits which shall be subject to termination or revocation at the discretion of the State Crime Laboratory. . . The State Crime Laboratory shall make periodic, but not less frequently than quarterly, tests of the methods, machines or devices used in making chemical analysis of a person's breath as shall be necessary to ensure the accuracy thereof, and shall issue its certificate to verify the accuracy of same.

¶7. Jones argues that the chemical analysis of his urine specimen was not performed according to methods approved by the State Crime Laboratory and the Commissioner of Public Safety, and that Betty Cooper did not possess a permit issued by the State Crime Laboratory. Jones seeks to have § 63-11-19 used as a rule of evidence, where noncompliance results in exclusion of the evidence.

4

¶8.     The Court of Appeals noted *Johnston v. State*, 567 So.2d 237 (Miss. 1990), where we reversed a conviction for DUI because there was no evidence in the record to establish that the intoxilyzer machine had been calibrated within the time period required by § 63-11-19.   The Court of Appeals correctly distinguished *Johnston* because it dealt with accuracy of intoxilyzer machines, and also stated that

> we do not read *Johnston* to say that the result of a chemical analysis of a person's blood inadmissible if it is not done by a permittee of the State Crime Laboratory in accordance with methods approved by the State Crime Laboratory.  For sure, such an analysis would not be deemed as valid as one performed by a permittee in accordance with methods approved by the State Crime Laboratory.  In such cases, the procedures used in the analysis must pass a test of reasonableness.

*Jones v. State*, 2003 WL 21005836, at *6 (¶ 25).

¶9.     The Court of Appeals then cited *Cutchens v. State*, 310 So.2d 273 (Miss. 1975), language from Miss. Code Ann. § 63-11-39(2), which was repealed in 1991, and *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L. Ed.2d 908 (1966), to find that admission of the evidence in question should be viewed under a reasonableness standard.  Finding that the standard was met, the Court of Appeals affirmed the admission of the urinalysis results.

¶10.    We conclude that § 63-11-19 is not a rule of evidence and evidence otherwise admissible will not be excluded because of failure to comply with its requirements.  *Johnston v. State* is distinguishable as it dealt with an intoxilyzer, which must be tested at least quarterly by the State Crime Lab under § 63-11-19, and not hospital procedures and personnel, as in this case.  This issue is without merit.

## CONCLUSION

¶11.    We find that the physician-patient privilege may not be used to exclude incriminating drug analysis results discovered as a result of diagnostic treatment.  We find that Miss. Code Ann. § 63-11-19 is not a

rule of evidence and will not exclude otherwise admissible evidence because of a failure to comply with the statute's requirements. Accordingly, we affirm the judgment of the Court of Appeals which affirmed the circuit court's judgment.

¶12. **AFFIRMED.**

**PITTMAN, C.J., WALLER, COBB, EASLEY AND CARLSON, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. McRAE, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**