BRIDGES, P.J.,
for the Court.
¶ 1. On July 7, 2002, Charlie E. Henley was stopped by Officer Steven S. Clark of the Mississippi Highway Patrol for driving in excess of the posted speed limit. After asking Henley to produce his driver’s license and proof of insurance, Officer Clark requested that he exit and step to the rear of the vehicle. Upon questioning, Henley admitted to having consumed two and a half beers seven hours prior to being stopped, so Officer Clark then requested that Henley perform a few field sobriety tests and submit to a preliminary breath analysis. Henley consented and was subsequently arrested for driving under the influence of alcohol (DUI).
¶ 2. Henley was then transported to the Amite County Sheriffs Department where he submitted to a breath analysis on an Intoxilyzer 5000, which produced a printout registering his blood-alcohol content in excess of the legal limit. As a result, Henley was booked into the custody of the sheriffs department. At trial, the Justice *91 Court of Amite County found Henley guilty of speeding and DUI-first offense and ordered him to pay fines and court costs equaling $77 for the speeding offense and $445 for the DUI conviction. Henley then appealed to the Circuit Court of Am-ite County, which affirmed and additionally ordered him to attend a ten-day Mississippi Alcohol Safety Education Program. Aggrieved by his conviction, Henley now appeals to this Court claiming that (a) the trial court committed reversible error in determining that Officer Clark was qualified to administer the Intoxilyzer test, and (b) the verdict was against the overwhelming weight of the evidence.
I.
ADMISSIBILITY OF RESULTS FROM BREATH TEST
¶ 3. The results of a breath test must be valid to be admitted into evidence, which means the State must show that the results are authentic. In Johnston v. State, the Mississippi Supreme Court specified that the results are only valid if (1) performed according to approved methods; (2)performed by a person certified to do so; and (3) performed on a machine certified to be accurate. Johnston v. State, 567 So.2d 237, 238 (Miss.1990). Trial courts are largely vested with the discretion for determining the relevance and admissibility of evidence, and as a result, reversal is only warranted when the appellate courts find an abuse of that discretion. Id. This discretion, however, “must be exercised within the bounds of the Mississippi Rules of Evidence.” Id.
¶ 4. Henley claims that the results of his breath test are not valid, and thus inadmissible, because the State failed to prove that Officer Clark was qualified to perform a breath analysis with the Intoxi-lyzer 5000. Henley contends that the State was erroneously allowed, over objection by the defense, to introduce into evidence a copy of Officer Clark’s permit authorizing him to perform such analysis. Henley maintains that the State failed because this copy of the permit was not certified, constituted inadmissible hearsay, was unreliable, and extremely prejudicial.
¶ 5. After reviewing the evidence before us, though, we are certain that the trial court committed no such abuse. The State had to prove as part of its authenticity burden that Henley’s breath test was “performed by an individual possessing a valid permit issued by the State Crime Laboratory for making such analysis.” Miss.Code Ann. § 63-11-19 (Supp.2003). This statute, however, “is not a rule of evidence,” so that evidence “otherwise admissible” will not be excluded because of failure to comply with the statute. Jones v. State, 858 So.2d 139, 143(¶ 10) (Miss.2003).
¶ 6. The fact that the copy of Officer Clark’s permit was not certified is inconsequential because the same result was effectuated by him testifying at trial. When asked about the copy on direct examination, he testified that “[tjhis is my permit to conduct breath analysis on the Intoxi-lyzer 5000.” Officer Clark was then subject to cross-examination on any and all matters concerning his knowledge and experience with the machine. Accordingly, the trial court properly admitted the permit into evidence, and the State proved that Officer Clark was certified to perform the breath test in compliance with Section 63-11-19. We, therefore, find no merit with this issue.
II.
OVERWHELMING WEIGHT OF THE EVIDENCE
¶ 7. In his second assignment of error, Henley briefly discusses a variety of *92 instances in the course of the trial where the court was presented with conflicting testimony, alluding to the fact that the verdict was contrary to the overwhelming weight of the evidence. A prerequisite to raising an issue on appeal, however, is to properly preserve the issue for appellate review. As we have often stated, this Court cannot hold a trial judge in error on a matter with which he was not presented for decision. Cooper v. Lawson, 264 So.2d 890, 891 (Miss.1972). As a result, Henley is proeedurally barred from raising the issue for the first time on appeal, so we find this issue to be without merit.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF AMITE COUNTY OF CONVICTION OF SPEEDING AND FIRST-OFFENSE DUI AND ORDER TO PAY FINES OF $498.00 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.