977 So.2d 1248 (2008)
Rixxie HARRIS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KA-02159-COA.
Court of Appeals of Mississippi.
March 25, 2008.
*1249 Aelicia L. Thomas, Rosedale, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before MYERS, P.J., GRIFFIS and ROBERTS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Rixxie Harris was indicted on two counts: count one for possession of cocaine and count two for possession of marijuana with intent to sell. Harris was convicted of the second count, possession of marijuana with intent to sell, under count two of the indictment. However, the trial court declared a mistrial on the first count, possession of cocaine. On appeal, Harris argues that: (1) the trial court erred when it denied his motion for directed verdict; (2) the verdict was against the overwhelming weight of the evidence; and (3) the verdict should have been written on a separate sheet of paper.

FACTS
¶ 2. Jacob Lott, a trooper for the Mississippi Highway Patrol, testified that on June 15, 2003, he was patrolling Sunflower County. Trooper Lott was traveling south on Highway 49 when he noticed a car, with illegal tint on its windows, stopped at a stop sign. Trooper Lott initiated a stop, and the driver of the car, Harris, got out and met him between the two vehicles.
¶ 3. Trooper Lott testified that he smelled marijuana while he was talking to Harris, so he decided to look inside the tinted car in order to protect himself because he did not have back up. Trooper Lott opened the door to the car and observed the passenger, Joe Drisdell, smoking a blunt.[1] Next, Trooper Lott asked Harris whether or not Harris had been smoking marijuana. Harris told him that he had smoked a little earlier that day. Trooper Lott arrested Harris and Drisdell. When Trooper Lott inventoried the car, he discovered a Crown Royal bag under the passenger seat that contained several small bags filled with marijuana and a pill bottle that contained cocaine.
¶ 4. Trooper Lott took Harris and Drisdell to the Sunflower County Sheriffs Department and interrogated each of them separately. Trooper Lott read Harris his Miranda rights, and Harris signed a waiver of these rights. Trooper Lott testified that Harris originally confessed to possessing the marijuana, but he said that the cocaine was not his. Trooper Lott also stated that Harris wrote in his statement that he was going from Moorehead to Sunflower with Drisdell to sell some marijuana, but Harris later scratched this language out and refused to sign the confession. The portion of the confession that was not scratched out stated that Drisdell wanted to sell the marijuana and that they were driving to Sunflower because he knew some people that would buy it. Trooper Lott testified that Harris changed *1250 his story a couple of times about who owned the drugs.
¶ 5. Drisdell, who had already entered a guilty plea before this trial, testified that Harris asked him to ride with him to Sunflower to visit a cousin. He said that, before Harris got out of the car to meet Trooper Lott, Harris threw a Crown Royal bag at him. Drisdell testified that he could tell that there were drugs in the bag by the way that it felt, so he hid it under his seat. Drisdell also stated that Trooper Lott opened the door to the car and witnessed him smoking a blunt. After Trooper Lott took Drisdell to the Sheriffs Department, Drisdell wrote a statement in which he confessed to possession of the blunt.

ANALYSIS
I. Whether or not there was sufficient evidence to deny Harris's motion for directed verdict.
¶ 6. Harris argues that the State failed to provide sufficient evidence to prove the element of possession; therefore, the trial court erred in denying his motion for directed verdict. In reviewing a sufficiency of the evidence claim, the Court considers the evidence in the light most favorable to the verdict. Bush v. State, 895 So.2d 836, 844(¶ 16) (Miss.2005). Usually, if any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we will uphold the verdict. Id.
¶ 7. To show that a defendant possessed marijuana with intent to distribute, the State must prove beyond a reasonable doubt that the defendant "knowingly or intentionally . . . possess[ed marijuana] with intent to sell, barter, transfer, manufacture, distribute or dispense. . . ." Miss. Code Ann. § 41-29-139 (Rev.2005). Since Harris did not physically possess the marijuana, we must examine the issue of constructive possession.
[W]hat constitutes a sufficient external relationship between the defendant and the narcotic property to complete the concept of `possession' is a question which is not susceptible to a specific rule. However, there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.

Dixon v. State, 953 So.2d 1108, 1112(¶ 9) (Miss.2007) (quoting Curry v. State, 249 So.2d 414, 416 (Miss.1971)) (emphasis added). Furthermore, if the defendant is the driver but not the owner of the car that contains the drugs, the State must show additional incriminating facts to link the defendant to the contraband. Ferrell v. State, 649 So.2d 831, 835 (Miss.1995).
¶ 8. Since there was no evidence that Harris owned the car he was driving, we must look for additional incriminating facts that link Harris to the marijuana. To establish Harris's constructive possession, the State offered evidence that Trooper Lott smelled marijuana on Harris; Harris confessed that the marijuana was his and that the cocaine was not his; Harris confessed that he and Drisdell were going to sell some marijuana; and Drisdell testified that he had never seen the Crown Royal bag until Harris threw it at him during the stop.
¶ 9. Looking at the totality of all of the evidence presented by the State, we find that the State put forward sufficient evidence *1251 that Harris possessed the marijuana found in the Crown Royal bag. Trooper Lott testified that Harris confessed to possessing the marijuana. Also, Drisdell testified that Harris handed him the drugs. We have previously found such testimony to support a finding of constructive possession. See Bell v. State, 830 So.2d 1285, 1288(¶ 11) (Miss.Ct.App.2002). After examining the evidence, we find that there was sufficient evidence to support the trial judge's denial of Harris's motion for directed verdict. We find no merit to this issue.
II. Whether the evidence was contrary to the overwhelming weight of the evidence.
¶ 10. "When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." Bush, 895 So.2d at 844(¶ 18). The evidence is weighed in the light most favorable to the verdict. Id. The power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict. Id. If the verdict is against the overwhelming weight of the evidence, the proper remedy is to grant a new trial. Id.
¶ 11. After reviewing the record in this case, we note that Harris failed to file a motion for a new trial or a motion for judgment notwithstanding the verdict. Because Harris did not bring the issue that the verdict may have been against the overwhelming weight of the evidence to the attention of the trial court, "it may not be raised here for the first time. A trial judge cannot he put in error on a matter which was not presented to him for decision". Cooper v. Lawson, 264 So.2d 890, 891 (Miss.1972).
¶ 12. Procedural' bar aside, we will briefly address Harris's argument. During the trial, both Trooper Lott and Drisdell testified against Harris. As stated above, Trooper Lott's and Drisdell's testimony show that Harris possessed the drugs in the bag. Harris did not bring forward any contradictory evidence and rested after the State's case. Therefore, we find that the verdict was not so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. We find no merit to this issue.
III. Whether the verdict must be written on a separate sheet of paper.
¶ 13. Harris's final argument is that his conviction should be reversed because it was not written on a separate sheet of paper. This rule is merely clerical in nature. "The law does not require verdicts to be written upon a separate piece of paper." Bowen v. State, 177 Miss. 715, 718, 172 So. 151 (1937). Furthermore, the jury was polled after they returned a verdict, and every juror said that the verdict was consistent with his or her vote. Therefore, this issue also has no merit, and we affirm.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY OF CONVICTION OF POSSESSION OF MARIJUANA WITH THE INTENT TO SELL, DISTRIBUTE, TRANSPORT OR DELIVER AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
*1252 KING, C.J, LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] A blunt is a cigar that has had the tobacco removed and replaced with marijuana.