458 So.2d 1046 (1984)
Kevin Neal GIBSON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 54420.
Supreme Court of Mississippi.
September 26, 1984.
Rehearing Denied November 28, 1984.
John Arthur Eaves, Eaves & Eaves, Jackson, for appellant.
Bill Allain, Atty. Gen. by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and HAWKINS and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:
Kevin Neal Gibson has been convicted of manslaughter and sentenced to serve a term of eight years in the custody of the Mississippi Department of Corrections. This conviction arose out of an incident occurring on September 19, 1981, wherein Bobby J. Kimble was struck and killed by an automobile driven by Gibson on Interstate Highway 20 about a quarter of a mile past the airport interchange in Rankin County, Mississippi.
The evidence suggesting culpability sufficient to elevate the offense to manslaughter *1047 is thin, to say the least. Cf. Dickerson v. State, 441 So.2d 536, 539-40 (Miss. 1983) (examination of what facts are necessary). A review of the entire record makes clear that the most damaging evidence against Gibson was the result of the blood/alcohol test. Not surprisingly, on this appeal Gibson concentrates his energies on his assignment of error that the results of the blood alcohol test were inadmissible on various grounds.
It appears without contradiction in the record that the blood collection kit used in connection with this test had expired in December of 1980. (The label on the kit is attached as an appendix to this opinion.) The accident occured September 19, 1981. In other words, the law enforcement authorities in this case utilized a blood collection kit which had been expired for some 262 days. This will not do.
Scientific evidence has become an increasingly important part of the search for the truth in which our courts are engaged daily. Safeguards to assure the integrity of scientific evidence are generally required and strictly enforced. Once it was made manifest to the Court that the blood collection kit used in this case had been expired for over nine months, the State at the very least had the burden of explaining that this lapse of time did not impair the integrity of the results of the test. This the State failed to do.
Put another way, on this record the State failed to lay a proper foundation for the admission into evidence of the results of the blood alcohol test. State v. Brewer, 344 A.2d 54, 56 (Me. 1975); State v. Rines, 269 A.2d 9, 15-16 (Me. 1970).
The conviction of Kevin Neal Gibson on the charge of manslaughter is reversed, and this case is remanded for a new trial at which the results of the blood alcohol test may not be used against him.
REVERSED AND REMANDED.
WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.

*1048 APPENDIX