567 So.2d 237 (1990)
George JOHNSTON
v.
STATE of Mississippi.
No. 89-KA-201.
Supreme Court of Mississippi.
September 19, 1990.
Jackson M. Brown, Starkville, for appellant.
Mike C. Moore, Atty. Gen., Deirdre McCrory, Sp. Ass't Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and PRATHER and SULLIVAN, JJ.
PRATHER, Justice, for the Court:
George Johnston was charged with driving under the influence of intoxicating liquor in Benton County on March 26, 1988. Johnston was tried and convicted in Justice Court and following his appeal and de novo trial he was again found guilty by the Benton County Circuit Court sitting without a jury.

I. THE FACTS
On March 26, 1988, Sheriff A.A. McMullen of Benton County received a telephone call at the Benton County Jail. The caller communicated to the sheriff that "George was on Hwy. 5, possibly 1055" or driving while intoxicated. McMullen then asked State Trooper Stephen Thompson who was at the county jail to check out the call.
Trooper Thompson went to Hwy. 5 to look for Johnston. Once there, Trooper Thompson was joined by Deputy Gary King. Johnston soon came by and both the Deputy and the Trooper began to follow him. Johnston drove along in a reasonable fashion, committing no violations; then he pulled into a Chevron Station. At that time *238 Deputy King pulled in behind Johnston with his blue emergency lights on. Trooper Thompson pulled in behind Deputy King.
Evidence was presented at trial as to a "switched tag" on Johnston's vehicle as a possible reason for the stop and arrest. Trooper Thompson testified that he only stopped Johnston for the purpose of checking him for intoxication.
Trooper Thompson walked to Johnston's vehicle and noticed three empty beer cans on the back floorboard and on the driver's side. Trooper Thompson then asked Johnston if he had been drinking. Trooper Thompson smelled intoxicating liquor on Johnston's breath and noticed that his eyes were dilated.
Johnston was taken to the Sheriff's office where he was given the intoxilyzer test. Johnston's blood-alcohol content registered.16 and he was charged with driving under the influence of intoxicating liquor.
Johnston appeals the findings of the Benton County Circuit Court and assigns several errors; however since one error is dispositive of the case, this court addresses only the question of whether the court abused its discretion in ruling that a sufficient predicate had been laid for the admission of the intoxilyzer test.

I. WHETHER THE COURT ABUSED ITS DISCRETION IN RULING THAT A SUFFICIENT PREDICATE HAD BEEN LAID FOR THE ADMISSION OF THE INTOXILYZER RESULTS.

A. The Law
The relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused. Hentz v. State, 542 So.2d 914, 917 (Miss. 1989), Monk v. State, 532 So.2d 592, 599 (Miss. 1988). The discretion of the trial court must be exercised within the boundaries of the Mississippi Rules of Evidence.
Under M.R.E. 901, authentication and identification are conditions precedent to admissibility. Generally these serve simply to establish that a matter is what it is claimed to be. However in the illustrations listed for Rule 901, a process or a system may be authenticated or identified when it is shown that the process or system is used to produce a result and that it produces an accurate result. 901(b)(9) Miss.Rules of Evidence.
A chemical analysis of a person's breath, blood, or urine is deemed valid only when performed according to approved methods; performed by a person certified to do so; and performed on a machine certified to be accurate. Certification of the machines must take place at least quarterly. Miss.Code Anno. § 63-11-19 (1972). These safeguards insure a more accurate result in the gathering of scientific evidence through intoxilyzers and are strictly enforced. Where one of the safeguards is deficient the State bears the burden of showing that the deficiency did not affect the accuracy of the result. Gibson v. State, 458 So.2d 1046, 1047 (Miss. 1984).

B. The Law Applied to the Facts
Johnston challenges the admissibility of the result by arguing that a proper predicate to authenticate accuracy was not laid to accept the test into evidence. The argument is based on (a) the procedures followed, (b) the certification of the operator, and (c) the certification of the machine.

1. Follow Adequate Procedures
There is sufficient evidence in the record to indicate that Trooper Thompson reasonably followed the normal procedures. The trial court did not abuse its discretion in accepting this as the required predicate.
This portion of the argument is without merit.

2. Certified Operator Required
Exhibit 1 shows that Trooper Thompson was certified to operate a 4011-A & AS model intoxilyzer. Trooper Thompson testified that he was certified to operate an intoxilyzer. Although no evidence was introduced to show that the intoxilyzer used was a 4011-A & AS model, the statute only requires that the person performing the test be certified to do so. The trial court did not abuse its discretion in accepting Trooper Thompson's certification *239 for a 4011-A & AS model intoxilyzer as the required predicate.
This portion of Johnston's argument is without merit.

3. Certified Machine Required
Trooper Thompson testified that the intoxilyzer was calibrated every month. Johnston's objection to this testimony as not the best evidence and request for the certificate of calibrations was overruled. The trial court simply accepted the testimony of Trooper Thompson without requiring the production of a certificate. Johnston presented a certificate, which was attached to the record, dated August 3, 1988, 130 days after the test was given on March 26. The preceding date of calibration could be no earlier than April 3, 1988, to be within the required statutory period.
There is no evidence in the record to establish that the machine had been calibrated within the statutory period, or 120 days before August 3, 1988. It is certainly clear that the machine was not calibrated every month as Trooper Thompson testified. Trooper Thompson's testimony notwithstanding, the State did not produce any evidence that the machine was properly certified and made no effort to carry its burden that even if the intoxilyzer was not properly certified the deficiency did not affect the accuracy of the test.
The intoxilyzer had no certificate of calibration to meet the requirements of the statute. Strictly enforcing the statutory requirements, there is no support for the accuracy of the results absent evidence of proper certification. The trial court abused its discretion in finding a sufficient predicate for admitting the results of the intoxilyzer in the testimony of Trooper Thompson. This error substantially prejudiced the defendant's right to a fair trial.
In light of the foregoing the verdict of the Circuit Court should be reversed and remanded for a new trial with properly admitted evidence.
REVERSED AND REMANDED FOR A NEW TRIAL.
HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
ROY NOBLE LEE, C.J., dissents.