846 So.2d 276 (2002)
Marcus Demon ROSE, a/k/a Marcus Deon Rose, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00966-COA.
Court of Appeals of Mississippi.
November 26, 2002.
Rehearing Denied February 4, 2003.
Certiorari Denied May 15, 2003.
*277 John D. Watson, attorney for appellant.
Office of the Attorney General by Charles W. Maris Jr., attorney for appellee.
Before KING, P.J., BRIDGES, and LEE, JJ.
LEE, J., for the court.

PROCEDURAL HISTORY
¶ 1. On May 24, 2001, a DeSoto County Circuit Court jury found Marcus Demon Rose guilty of the crime of felon in possession of a firearm. Rose was sentenced to serve two years in the custody of the Mississippi Department of Corrections, with credit for forty-seven days served. Rose appeals his conviction, raising the following issues: (1) the lower court erred in denying his motion in limine to exclude testimony from the officers that they smelled marijuana coming from the vehicle; (2) the lower court erred in denying his motion for a new trial or judgment notwithstanding the verdict; and (3) the jury verdict was against the overwhelming weight of the evidence. We find these issues to be without merit; thus, we affirm.

FACTS
¶ 2. On July 21, 2000, two Southaven police officers observed a car parked in the fire lane area of a movie theater. While driving past the car, both officers smelled burning marijuana emanating from the car. The officers observed the vehicle drive off and begin to park, then they approached and asked Rose to step out of the car. As Rose exited the car, a cartridge fell to the ground. One of the officers saw a gun stuck between the driver's seat and the door jamb of the car. After taking possession of the firearm, the officer noticed that it was a loaded, .40 caliber Smith and Wesson semi-automatic pistol. The cartridge, which had fallen to the ground when Rose exited the car, matched the caliber and manufacturer of the ammunition found in the pistol. The officers also noticed a small marijuana cigarette still burning in the ashtray and, upon further search of the car, found a clear plastic bag containing a substance consistent with marijuana. During questioning by the officers, Rose admitted to having a felony conviction. Rose was then advised of his Miranda rights and arrested.
DISCUSSION OF ISSUES
I. DID THE LOWER COURT ERR IN DENYING ROSE'S MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM THE OFFICERS THAT THEY SMELLED MARIJUANA COMING FROM THE CAR?
¶ 3. Prior to trial, Rose made a motion in limine to exclude the officers' testimony that they smelled marijuana coming from Rose's vehicle, which the trial judge denied. A trial judge enjoys a great deal of discretion as to the relevance and admissibility of evidence. Hughes v. State, 735 So.2d 238 (¶ 134) (Miss.1999). However, the discretion of the trial judge must be *278 exercised according to the Mississippi Rules of Evidence. Johnston v. State, 567 So.2d 237, 238 (Miss.1990). We will only reverse a trial court's determination concerning the relevancy or admissibility of evidence if an abuse of discretion existed. Jefferson v. State, 818 So.2d 1099(¶ 6) (Miss.2002).
¶ 4. The trial judge allowed the State to ask the officers why they stopped Rose. Both officers stated they smelled marijuana coming from the car, thereby establishing probable cause to further investigate the situation. The trial judge found this evidence relevant to the State's case and concluded that the State could not tell the whole story properly without revealing why the officers initially stopped Rose. The trial judge determined M.R.E. 403 did not apply because admitting the fact that the officers smelled marijuana emanating from Rose's car did not unfairly prejudice Rose. No other discussion about the marijuana was allowed other than was necessary for the officers to show probable cause for stopping Rose. However, the trial judge should have granted, sua sponte, a limiting instruction concerning the marijuana smell. Nevertheless, the trial judge's failure to give a limiting instruction is, at worst, harmless error, particularly in light of the overwhelming evidence against Rose. We find that the trial judge did not abuse his discretion by allowing the officers to testify as to what gave them probable cause to stop Rose.
II. DID THE LOWER COURT ERR IN DENYING ROSE'S MOTION FOR A NEW TRIAL OR A JUDGMENT NOTWITHSTANDING THE VERDICT?
¶ 5. Rose argues that the trial court erred in failing to grant him a new trial. Our standard of review concerning a motion for new trial states:
In reviewing the decision of the trial court on a motion for a new trial, this Court views all of the evidence in the light most consistent with the jury verdict. A motion for a new trial addresses the weight of the evidence and should only be granted to prevent an unconscionable injustice.
Daniels v. State, 742 So.2d 1140 (¶ 11) (Miss.1999) (citations omitted). We find there was sufficient evidence to deny the motion for a new trial or judgment notwithstanding the verdict. Rose admitted to the officers that he borrowed the gun from his cousin. Although he later denied saying this, sufficient evidence was presented for the jury to find otherwise. Rose also admitted that he had unloaded the gun and placed it elsewhere in the car, even though the officers discovered that the gun was loaded. Again, there was sufficient evidence for the jury to resolve any discrepancies in Rose's story in favor of the State. Therefore, the trial judge did not err in refusing to grant the motion for a new trial.
III. WAS THE JURY VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 6. We look to our standard of review to determine whether a jury verdict is against the overwhelming weight of the evidence:
[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. As such, if the verdict is against the overwhelming weight of the evidence, then a new trial is proper.
Baker v. State, 802 So.2d 77 (¶ 14) (Miss. 2001). In arguing that the verdict was *279 against the overwhelming weight of the evidence, Rose claims that neither the car in which the gun was found nor the gun in question belonged to him. Rose further argues that handling the gun for purposes of unloading it was insufficient to show that he had intentionally and consciously possessed the weapon.
¶ 7. According to Curry v. State, "there must be sufficient facts to warrant a finding that the defendant was aware of the presence and character of a particular substance and was intentionally and consciously in possession of it." Curry v. State, 249 So.2d 414, 416 (Miss.1971). In the present case, there was sufficient evidence for the jury to convict Rose. Rose handled the gun, he attempted to unload it, even though the officers discovered it was loaded, and hid it between the seat and door jamb. Furthermore, Rose admitted to both officers that he borrowed the gun from his cousin. Considering the evidence, we find that no unconscionable injustice would result if we allowed the verdict to stand. Accordingly, we affirm.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF FELON IN POSSESSION OF A FIREARM AND SENTENCE OF TWO YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.