GRIFFIS, J.,
for the court.
¶ 1. Michael Henderson was convicted in the Coahoma County Circuit Court of burglary of a dwelling and sentenced to seven years in the custody of the Mississippi Department of Corrections with three years suspended. On appeal, Henderson contends that the circuit court erred in denying his motion to quash the indictment and in admitting certain testimony by the arresting officer. Finding no error, we affirm.
¶ 2. On May 23, 2001, Deputy Napoleon Brewer of the Coahoma County Sheriffs Department responded to a call that two men had burglarized a residence and had been traveling in a blue Oldsmobile. The call also informed Deputy Brewer that one of the men was wearing an orange shirt and dark pants and that the car had been abandoned near where he was on patrol. Shortly thereafter, Deputy Brewer located Henderson, who was wearing an orange shirt and dark pants. Deputy Brewer approached Henderson and asked where he was going. Henderson responded that he was on his way to his cousin’s residence, but he could not tell the deputy where his cousin resided. Henderson was then taken into custody and was subsequently indicted for burglary of a dwelling. At trial, the jury returned a verdict of guilty of burglary of a dwelling.
ANALYSIS
I. Whether the trial court committed reversible error in denying the defendant’s motion to quash indictment.
¶ 3. Henderson contends that the trial court committed reversible error in denying his motion to quash the indictment. The indictment provided:
Michael Henderson, late of Coahoma County, Mississippi, on or about May 23, 2001, in the County and State aforesaid, and within the jurisdiction of this Court, individually or while aiding and abetting and/or acting in concert with others, did then and there, unlawfully, willfully, feloniously, and burglariously break and enter the dwelling house ... with the intent to commit the crime of larceny therein....
(emphasis added). Henderson asserts the indictment was defective because it failed to identify or name the individual(s) who allegedly aided or abetted or acted in concert with him in the commission of the burglary.
¶ 4. Rule 7.06 of the Uniform Circuit and County Court Rules requires that “[a]n indictment must contain a plain, concise and definite written statement of the essential facts constituting the offense charged, and it must fully notify the defendant of the nature and cause of the accusation against him.” Stevens v. State, 808 So.2d 908, 918(¶ 30) (Miss.2002). Henderson’s argument is misplaced because the indictment charges Henderson, individually, with the crime of burglary of a dwelling. Henderson was the only person named and the language used restated Miss.Code Ann. § 97-17-23 (Rev.2000) for burglary of a dwelling. “As a general rule, where an indictment tracks the language of a criminal statute it is sufficient to inform the accused of the charge against him.” Stevens, 808 So.2d at 919(¶ 31).
¶ 5. We find that the indictment set forth the essential facts constituting the charge, and Henderson and his counsel were able to ascertain the nature and cause of the accusation. URCCC 7.06. Therefore, we find this assignment of error to be without merit.
II. Whether the trial court committed reversible error in overruling the Appellant’s objection to Officer Brewer’s testimony concerning his *143 questioning of the Appellant prior to his arrest.
¶ 6. Deputy Brewer testified that when he first located Henderson he asked him where he was going. In response, Henderson gave conflicting answers as to why he was in the neighborhood. Henderson stated that he was going to his cousin’s, but could not tell the deputy where his cousin lived. Thereafter, Deputy Brewer placed Henderson in the patrol car. Henderson contends that the trial court erred in overruling his objection to Deputy Brewer’s recounting Henderson’s response to his initial question. Henderson asserts that such testimony was a product of an unlawful arrest and should have been excluded. The trial court had previously excluded Henderson’s confession that was obtained after Henderson had been placed in the patrol car. The trial court found that once Henderson was in custody, Deputy Brewer failed to comply with Miss.Code Ann. § 99-3-7 (Supp.2001), which provides that an officer making an arrest without a warrant must tell the accused the object and cause of the arrest. Therefore, the trial court held that the confession was the product of an illegal arrest.
¶ 7. In overruling the objection at trial, the trial court concluded that Henderson was not under arrest until he was placed in the patrol car. Therefore, the court determined that Deputy Brewer could testify as to Henderson’s response to his initial questions, since such statements were not the result of a custodial interrogation.
¶ 8. “The relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only when that discretion has been abused.” Johnston v. State, 567 So.2d 237, 238 (Miss.1990). In Hodge v. State, 801 So.2d 762, 769(¶ 18) (Miss.Ct.App.2001), this Court held:
There are generally three manners which an officer may attempt to prevent crime, detect violations, make identifications, or apprehend criminals: (1) Voluntary conversation: An officer is allowed to have a voluntary communication with an individual regardless of what facts are known to the officer because it involves no force and no detention of the individual interviewed; (2) Investigative stop and temporary detention: When an officer stops and temporarily detains an individual it is not an arrest, when reasonable circumstances are present an officer may stop and detain a person to settle an ambiguous situation without having sufficient knowledge to justify an arrest; and (3) Arrest: An officer may make an arrest only when he/she has probable cause. Singletary v. State, 318 So.2d 873, 876 (Miss.1975).
¶ 9. In this case, the trial court found that Henderson was not under arrest at the time he was initially questioned by Deputy Brewer. Therefore, according to Hodge, Deputy Brewer’s questions were properly characterized as either a “voluntary conversation” or an “investigatory stop and temporary detention,” but not an arrest and a custodial interrogation. Accordingly, we do not find that the trial judge abused his discretion in admitting the testimony of Deputy Brewer about the conversation or questioning prior to the arrest. Thus, we find the testimony to be admissible and this assignment of error to be without merit.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF SEVEN YEARS WITH THREE SUSPENDED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, FINE OF $2,000 AND $189 IN RESTITUTION TO *144 THE VICTIM IS AFFIRMED. SENTENCE SHALL RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ„ CONCUR.