LEE, P.J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. On March 16, 2003, Officer Wesley Koehn, of the Starkville Police Department, arrived at the scene of a one car accident where he saw Richard Dobbins leave the wrecked car and walk towards another car. Also present was Officer Clay Moore who testified that Dobbins said he had been driving the wrecked car. Koehn said Dobbins appeared drunk due to his blood shot eyes, the smell of alcohol and his slurred speech. Dobbins was taken to the police station where an Intoxilyzer test was administered upon him. After failing the test, Dobbins was arrested and charged with driving under the influence, first offense.
II2. In Starkville Municipal Court, Dobbins was found guilty of DUI, first offense. Dobbins then appealed his conviction to the Oktibbeha County Circuit Court. After a trial on the matter, Dobbins was found guilty on February 14, 2005, of DUI, first offense. Dobbins was ordered to pay a fine of $750 and all court costs. The trial court ordered Dobbins to attend the Mississippi Alcohol Safety Education Program and suspended his license. Dobbins filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. The trial court denied the motion on March 7, 2005. Dobbins perfected his appeal to this Court asserting the following issue, which we cite verbatim: “That the lower court committed reversible error in overruling Appellant’s objection into evidence BAC readings intoxilyzer 5000 which was replaced by another machine a short time after Appellant’s breath test and arrest without evidence as to why said machine was replaced.”
¶ 3. Finding no error, we affirm.
DISCUSSION
I. DID THE TRIAL COURT ERR IN ALLOWING INTO EVIDENCE THE INTOXILYZER RESULTS?
¶4. In his only issue on appeal, Dobbins argues that the trial court erred in allowing the Intoxilyzer results into evidence. Specifically, Dobbins claims that the State was required to put on proof as to why the Intoxilyzer machine used to test him was replaced by another machine some time after he was tested. Dobbins also states that a second calibration should have been done on the Intoxilyzer after his test. Our standard of review regarding the admission or exclusion of evidence is abuse of discretion. Floyd v. City of Crystal Springs, 749 So.2d 110, 113(¶ 12) (Miss.1999).
¶ 5. We first note that Dobbins concedes that he has found no case requiring two calibrations of the Intoxilyzer machine. Failure to provide relevant authority in support of an issue eliminates this Court’s obligation to review the issue. Williams v. State, 708 So.2d 1358, 1362-63(¶ 12) (Miss.1998).
¶ 6. Furthermore, Dobbins also “admits that the test would be admissible as long as the City of Starkville substantially complied with the requirements of § 63-11-19.” Mississippi Code Annotated Section 63-11-19 (Rev.2004) states that the Intoxi-lyzer machines shall be subject to periodic tests, “but not less frequently than quarterly,” in order to ensure the accuracy of the machines. According to the record, the particular Intoxilyzer machine used to test Dobbins was calibrated thirteen days prior to its use upon Dobbins.
¶ 7. The trial court stated that “[tjhere is no evidence that anything was wrong with the machine or that it was giving improper readings or anything.” The trial court found that the machine was working prop *298 erly on the date in question. We can find no error in the trial court’s determination; thus, this issue is without merit.
¶ 8. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT OF CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, PAY A FINE OF $750, ATTEND THE MASEP SCHOOL, AND SUSPEND DRIVER’S LICENSE IN ACCORDANCE WITH STATE LAW, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.