# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-KA-00207-SCT

*LESTER DARRELL MOORE a/k/a LESTER MOORE*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/12/2014 |
| TRIAL JUDGE: | HON. LISA P. DODSON |
| TRIAL COURT ATTORNEYS: | SCOTT LUSK |
| | IAN BAKER |
| | CHARLIE STEWART |
| | WILTON MCNAIR |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF THE STATE PUBLIC DEFENDER |
| | BY: HUNTER NOLAN AIKENS |
| | GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 01/28/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., PIERCE AND KING, JJ.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Lester Darrell Moore was indicted, tried, convicted, and sentenced to five years in the custody of the Mississippi Department of Corrections for the crime of felony shoplifting. Aggrieved by the trial court's entry of the final judgment of conviction and sentence, Moore filed this appeal. Finding no error, we affirm the judgment of the trial court.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2. Lester Darrell Moore was indicted on December 16, 2013, for "willfully, unlawfully, and feloniously tak[ing] possession of . . . leather wallets, the total value of more than Five Hundred and 00/100 Dollars ($500.00). . . ." Moore also was indicted as a habitual offender, having been convicted of two counts of burglary and sentenced to a term of eight years, and one count of transfer of a controlled substance and sentenced to a term of eighteen years.

¶3. Moore's trial was set for November 10, 2014. On the day trial was scheduled to begin, Moore filed a motion to quash his indictment based on the Legislature's amendment of Mississippi Code Section 97-23-93, raising the threshold amount for felony shoplifting from five hundred dollars to one thousand dollars. *See* Miss. Code Ann. § 97-23-93 (Rev. 2014). Moore argued that the one-thousand-dollar threshold for felony shoplifting was an essential element of the crime of shoplifting, and the State was no longer able to prove the essential elements of felony shoplifting.

¶4. The trial court heard argument. Moore argued that the matter should be re-presented to the grand jury and the State should have to amend its indictment because the law of the State had changed. Moore argued that he was "challenging the elements of the crime their self [sic]. The $500 element, material element the State has to prove, versus the $1,000 element that is the law currently." The State argued that the change in law took place well after the crime was committed and the indictment was returned. Therefore, Moore was indicted properly with felony shoplifting with a value of more than five hundred dollars. On rebuttal, Moore argued again that he was challenging the fact that a material element was not

2

properly presented to the grand jury. He was not arguing whether he should be sentenced as a misdemeanor or felon.

¶5.     The trial court denied Moore's motion to quash the indictment, holding that:

> On March the 5th, 2013, which is the date of the alleged crime in Cause 13-556, the law of this State was that an amount $500 or more, actually I think it says more than $500, was a shoplifting and it was a felony shoplifting under the laws of the State at that time. This indictment was returned by the grand jury on December the 16th, 2013, at which time that was still the law in this State.
>
> . . .
>
> Further, as I understand the decision in ***Wilson***,[1] that case is exactly on point in that in that case, Ms. Wilson was indicted for having shoplifted more than $250, which was the law on the date of her crime. The statute was amended to increase the felony level to being more than $500, and that amendment took effect before she went to trial in that matter. She was still tried as a felony charge. She was convicted of a felony charge. She was sentenced as a felon, rather than a misdemeanor, and the Supreme Court, in fact, affirmed all of that. Basically saying, at the time of the crime it was a felony. The amendment to the statute does not change the status of the charge. In other words, if it was a misdemeanor when it was committed, it stays a misdemeanor. If it was a felony when it was committed it stays a felony. The change in the statute doesn't either unmisdemeanor it or unfelony it. Those aren't words you're going to find in Webster's I will tell y'all right now, but that's the best way I know to communicate that.
>
> So at this point on this record at the time of the crime as well as the time of the indictment, all of the elements were properly stated. Now, the State certainly is free, should they choose to re-present it and re-indict it, and in this case it appears if they're able to make their proof that it would still be a felony. But regardless of that, the ***Wilson*** decision applies in this case. To my knowledge, it has not been questioned in any manner by any case, nor has it been overruled in any manner by any case decided since that time. And that being the law in this State, at least as of this date, then the motion to quash will be denied. This matter is to proceed on the indictment as filed. And it will proceed as a felony charge at this time.

---

[1] ***Wilson v. State***, 967 So. 2d 32 (Miss. 2007).

¶6.     At trial, Andre Correa, securities supervisor for Dillard's, testified that on March 5, 2013, he received a phone call from an associate regarding a black male acting suspiciously in her department. Correa located the male on his security cameras and observed the male take nine men's wallets and put them into his jacket. As the suspect was heading to the exit, Correa called management, his security officer, and the police. The security officer, David Shoemaker, apprehended the suspect and brought him back into the store. Correa testified that Officer Shoemaker handcuffed the suspect and waited for the police to arrive. Officer Shoemaker recovered nine men's leather wallets from the suspect. Correa documented the items on a civil recovery report, listing the item, sku number, color, and price. Correa also photographed the wallets. After the suspect was taken to the Biloxi Police Department, Correa received a phone call from Officer Owens, requesting that Correa come down to the police station. Correa testified that, when he arrived at the station, he was asked to sign the charges and collect five additional wallets that had been recovered by Officer Owens. Correa filled out an additional civil recovery report and photographed the five wallets. Correa testified that the suspect was identified as Lester Moore.[2] Correa testified that the total value of the nine wallets that he recovered from Moore was $926, and the total value of the five wallets recovered by the police was $800. The values were determined by the price tags on the wallets. The total value of the fourteen wallets that were recovered was $1,726. Correa was able to identify Moore as the person he had witnessed shoplifting on March 5, 2013.

---

[2] When the suspect was apprehended by the Dillard's security officer, he informed the officer that his name was Frank Broughton.

4

¶7.    Shoemaker, an internal affairs investigator with the Biloxi Police Department and part-time loss-prevention officer for Dillard's, testified that, on March 5, 2013, after being contacted by the surveillance operator, he approached Moore and attempted to detain him because Moore was exiting the store with Dillard's merchandise. Shoemaker and Moore struggled in the parking lot before Shoemaker was able to handcuff Moore. During the struggle, nine wallets fell from Moore's jacket. Shoemaker returned the wallets to the store manager. Shoemaker testified that he did not search Moore once he was in handcuffs. Shoemaker was also able to identify Moore as the person he had apprehended on March 5, 2013.

¶8.    James D. Owens, a patrolman with Biloxi Police Department, testified that he responded to a shoplifting call at Dillard's on March 5, 2013. After speaking with Correa and documenting the nine wallets that had been recovered, Owens took custody of Moore and transported him to the Biloxi Police Department for processing. After they got to the police station, Owens removed Moore's jacket and found five additional wallets. Owens testified that the value of the fourteen wallets was more than $1,700. He further testified that, during the course of his investigation, Dillard's supplied him with the value for the stolen items.

¶9.    After the State rested, Moore moved for a directed verdict, which was denied by the trial court. Moore was the only witness who testified in his defense. Moore testified that he took the nine initial wallets from Dillard's, but he claimed that he did not steal the other five. Moore claimed that, at the police station, the wallets were underneath his jacket on a table

and that Officer Owens picked them up when he picked up Moore's jacket. After Moore's testimony, the defense rested.

¶10. The trial court granted the State's instruction S-1, which authorized the jury to find Moore guilty of felony shoplifting if the total value of the wallets was more than $500, and denied Moore's instruction D-8, which authorized the jury to find Moore guilty of misdemeanor shoplifting if it found beyond a reasonable doubt that the total value of the wallets was less than $1,000. The trial court stated that:

> . . . at this point, S-1 will be given for the reasons stated previously, and specifically now the fact that on the date of this crime this was, in fact, the law. It was a felony if it was more than $500. And in this case, that is how he is indicted, and that is what is in the indictment. So it is a proper statement of the law as it existed on the date of the crime, as well as the date of the indictment in this case. And based on the **Wilson** decision it's proper to go forward with the law as it existed at that time concerning the elements of the crime. Therefore, S-1 will be given.

¶11. The jury returned a unanimous, guilty verdict of felony shoplifting. Based on Moore's habitual-offender status, the trial court sentenced him to the maximum sentence of five years to be served day-for-day without the benefit of parole or early release.

¶12. Moore filed a motion for new trial or, in the alternative, a motion for judgment notwithstanding the verdict (JNOV). After hearing arguments on the motion, the trial court denied Moore's petition for a new trial. Moore timely filed notice of his appeal.

## STATEMENT OF THE ISSUES

I. **The trial court erred by failing to apply the ameliorative punishment provisions of the Mississippi Code Section 97-23-93 through the grant of Instruction S-1 and denial of Instruction D-8.**

6

**II.** **The trial court erred in allowing Officer Owens to testify as to the price of the wallets.**

**ANALYSIS**

¶13. The interpretation of statutes is a question of law; thus, a *de novo* standard of review is applied. ***Miss. State Univ. v. People for the Ethical Treatment of Animals, Inc.***, 992 So. 2d 595, 606 (Miss. 2008). When considering challenges to jury instructions, "[t]he Court does not single out any instruction or take instructions out of context; rather, the instructions are to be read together as a whole." ***Wilson v. State***, 967 So. 2d 32, 36 (Miss. 2007) (citations omitted). Additionally, "[t]he standard of review for admission of evidence is abuse of discretion." ***Anderson v. State***, 62 So. 3d 927, 933 (Miss. 2011) (citations omitted).

*I.* *Mississippi Code Section 97-23-93*

¶14. Moore argues that the trial court failed to apply the ameliorative provisions contained in the amendments to Mississippi Code Section 97-23-93(5) and (7). At the time Moore committed the crime and the indictment was returned, Section 97-23-93 read as follows:

> A person convicted of shoplifting merchandise for which the merchant's stated price exceeds Five Hundred Dollars ($500.00) shall be guilty of a felony and, upon conviction, punished as provided in Section 97-17-41 for the offense of grand larceny.

Miss. Code Ann. § 97-23-93(7) (Rev. 2006). The statute subsequently was amended by the Legislature after Moore was indicted but prior to his trial. The amended statute reads:

> A person convicted of shoplifting merchandise for which the merchant's stated price exceeds One Thousand Dollars ($1,000.00) shall be guilty of a felony and, upon conviction, punished as provided in Section 97-17-41 for the offense of grand larceny.

7

Miss. Code Ann. § 97-23-93(7) (Rev. 2014). Moore asked for a jury instruction that reflected the amended statute, which would find him guilty of felony shoplifting only if the price of the goods exceeded $1,000. Because the trial court denied his jury instruction, Moore requests that this Court grant him a new sentencing hearing or a new trial.

¶15.	Nearly the identical argument made by Moore was made by the defendant in **Wilson**, 967 So. 2d 32. This Court found the issue to be without merit and held that:

> . . .[S]ection 99-19-33[3] and **Daniels**[4] stand for the proposition that when the *statutory penalty* for a particular crime is legislatively reduced after the date of the commission of the crime but before the date of sentencing, the trial court *must sentence the defendant under the amended statute*. Such a proposition is a far cry from today's case where we are not dealing with an amended sentencing statute, but instead an amended statute as it relates to the elements of the criminal offense. One of the elements of the amended felony shoplifting statute now requires that the stolen merchandise have a stated price which exceeds $500 in value, as opposed to $250 in value. Thus section 99-19-33 and **Daniels** are totally irrelevant to today's discussion. In the case sub judice, only the elements of the crime of felony shoplifting changed and not the penalty, which has remained the same during this amendment process. Wilson was properly convicted based upon Mississippi Code Annotated section 97-23-93 as it existed on November 4, 2002, the date of the crime.

---

[3] Section 99-19-33 reads:

If any statute shall provide a punishment of the same character, but of milder type, for an offense which was a crime under pre-existing law, then such milder punishment may be imposed by the court but no conviction, otherwise valid, shall be set aside and new trial granted merely because of an error of the court in fixing punishment. Such error shall only entitle the party injured to vacate or reverse the judgment as to the punishment, and the legal punishment shall then be imposed by another sentence based on the original conviction or plea of guilty.

Miss. Code Ann. § 99-19-33 (Rev. 2015).

[4] **Daniels v. State**, 742 So. 2d 1140 (Miss. 1999).

8

***Wilson***, 967 So. 2d at 42 (emphasis added).

¶16. Relying on this Court's holding in ***Wilson***, the trial court properly granted the State's Instruction S-1 and denied Moore's Instruction D-8, stating the law at the time Moore committed the crime and was indicted for felony shoplifting. This issue is without merit.

*II. Officer Owens's testimony*

¶17. Moore argues that the trial court erred in allowing Officer Owens to testify regarding the value of the stolen wallets, over Moore's objection that Officer Owens lacked personal knowledge. During Officer Owens's testimony on direct examination, the following exchange occurred:

> BY MR. BAKER:
> Q. Officer Owens, do you know how many wallets were found on Mr. Moore's person in total?
>
> A. Total was 14.
>
> Q. Do you know the stated price for those items?
>
> MR. McNAIR: Objection, Your Honor, unless he has personal knowledge as to the total number of wallets found.
>
> MR. BAKER: I'll rephrase the question.
>
> THE COURT: He can testify to what he knows and what he observed.
>
> BY MR. BAKER:
> Q. Based upon your own personal knowledge, do you know the value of the 14 wallets that were found on Mr. Moore's person?
>
> MR. McNAIR: Objection.
>
> THE COURT: Basis of the objection.

MR. McNAIR: He is talking about 14 wallets. Officer Owens is talking about five wallets he found, he has personal knowledge of. He has no knowledge about the nine wallets or any wallets that were found at Dillard's. He is asking him to give a price for all 14.

THE COURT: He asked him if he knew. He can testify to what he knows. That will be overruled to that extent. If he knows, he may answer, Mr. Baker. If not, he will have to say he doesn't know.

BY MR. BAKER:
Q. Do you know the value?

A. Of the total of 14 wallets or 5?

Q. The total of the 14 wallets?

A. Over $1,700, sir.

On cross-examination, Officer Owens testified that he was given the information about the price of the wallets. He testified he was not present when the prices were recorded and he did not recall seeing the tags on the other nine wallets not recovered by him. He admitted that he did not know, based on his personal knowledge, the total value of the fourteen wallets. However, on redirect, Officer Owens provided the following testimony:

BY MR. BAKER:
Q. Officer Owens, over the course of your career, have you had the opportunity to investigate numerous theft cases?

A. Yes, sir.

Q. And as part of your process or investigation in determining the value of items, who typically supplies the value of the items that were stolen?

A. The victim.

Q. Okay. And the victim in this case was who?

A. Dillard's.

10

Q. And can you tell the jury whether or not the victim in this case, Dillard's, supplied you with a value for items that were stolen?

A. Yes.

Q. And what was that value?

A. In excess of $1,700.

Q. That was for how many wallets?

A. Fourteen.

¶18. This Court has held that "individuals may testify as to the value of their own property." *Cmty. Bank, Ellisville, Miss. v. Courtney*, 884 So. 2d 767, 774-75 (Miss. 2004) (quoting *Regency Nissan, Inc. v. Jenkins*, 678 So. 2d 95, 101 (Miss. 1995)). *See also Robichaux v. Nationwide Mut. Fire Ins. Co.*, 81 So. 3d 1030, 1038 (Miss. 2011). The owner's estimate does not have to "be rationally based," and no predicate is required other than ownership. *Courtney*, 884 So. 2d at 774-75 (quoting *Regency Nissan*, 678 So. 2d at 101). Securities Supervisor Correa, as Dillard's representative, testified that the value of the fourteen wallets was $1,726, as reflected by the price tags still on the wallets.

¶19. "This Court consistently has held that '[t]he relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused.'" *Fulks v. State*, 110 So. 3d 764, 769 (Miss. 2013) (quoting *Johnston v. State*, 567 So. 2d 237, 238 (Miss.1990)). Defense counsel registered a series of objections, and the trial court properly ruled that the officer was restricted to personal knowledge and observation. Officer Owens's answer was nonresponsive to the question of whether he had personal knowledge of the value of the wallets. Instead of responding either

11

yes or no, which would have allowed the trial court to exclude the evidence, Officer Owens blurted out the value of the wallets. But for Andre Correa previously testifying, without objection, that the total value of the fourteen wallets recovered was $1,726, Owens's hearsay statement could have resulted in reversible error. However, since the value had been established fully by the owner, we deem the repetitious valuation to be harmless.

**CONCLUSION**

¶20.    For the reasons stated, this Court affirms Lester Moore's conviction and sentence.

¶21.    **CONVICTION OF FELONY SHOPLIFTING AND SENTENCE OF FIVE (5) YEARS, AS A HABITUAL OFFENDER, TO BE SERVED DAY FOR DAY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.  THE APPELLANT IS NOT ELIGIBLE FOR PAROLE OR EARLY RELEASE.  APPELLANT SHALL BE GIVEN CREDIT FOR ANY AND ALL TIME SERVED AS TO THIS CHARGE.**

**WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, PIERCE, KING AND COLEMAN, JJ., CONCUR.  MAXWELL, J., NOT PARTICIPATING.**